ORMEROD *v.* NEW YORK, WEST SHORE & BUFFALO R. CO.

*(Circuit Court, S. D. New York. August 25, 1882.)*

1. EMINENT DOMAIN.

The right of eminent domain over the shores and the soil under the waters, resides in the state for all municipal purposes, and within the legitimate limitations of this right the power of the state is absolute, and an appropriation of the shores and land is lawful.

2. SAME—OBSTRUCTING NAVIGABLE WATERS.

In the exercise of this right the state may directly or indirectly by delegation, authorize the construction of bridges, piers, wharves, or other obstructions in navigable waters, and such obstructions are not nuisances, because erected under lawful authority.

3. SAME.

It is only when the exercise of this power of eminent domain comes in collision with the paramount authority of the United States that it is inhibited; and until congress has asserted its power to regulate commerce, and by legislation has assumed to restrict the jurisdiction of the state over its navigable waters, no conflict can arise, and the authority of the state is conclusive.

*W. W. Badger,* for complainant.

*Alexander & Green,* for defendant.

WALLACE, C. J. Although the complainant has obtained a preliminary injunction upon due notice but by the default of the defendant, the present motion has been argued as though it were one to dissolve an *ex parte* injunction. As both parties have seemed desirous

that the right of the complainant to an injunction should be considered upon the merits, the motion will be disposed of accordingly.

The complainant seeks to restrain the defendant from constructing a road-bed and railroad track in the waters of the Hudson river near New Windsor, laterally along the front of certain docks and brick-yards situate on the west shore of the river. The lands under the water of the river, which have been appropriated by the defendant, were granted by the state of New York to the riparian proprietors, and the defendant has taken proceedings in the state courts to acquire these lands for the purposes of their railroad, under the general railroad act of this state delegating to railroad corporations the exercise of the power of eminent domain in this behalf. The defendant is in possession of these lands under an order of the state court, made in the course of these proceedings after hearing the respective parties. The complainant is the owner of a schooner, and resides in the state of New Jersey. He asserts that the defendant's railroad will obstruct the navigation of the river, and alleges that he will sustain special injury, because he has made a contract with several of the riparian proprietors to transport bricks for them to New York city in his vessel during the present season of navigation, and that the obstructions of the defendant will defeat the performance of this contract. The controversy may be considered in two aspects:

1. The complainant has, in common with all other persons, the right to navigate the public waters, and if the acts of the defendant constitute a nuisance, as he may sustain special injury, he has a sufficient interest to invoke the aid of the court. But it is not seriously contended in his behalf that the acts of the defendant will materially obstruct the general navigation of the river. The railroad will intercept communication with the shore along that portion of the river where it is to be located, and will be an impediment to the riparian owners, and those who desire access by the river to their lands. The shores of navigable waters and the lands under the waters belong to the state within whose territorial limits they lie, or to those who have derived title from the state. It is a familiar doctrine that the right of eminent domain over the shores and the soil under the waters resides in the state for all municipal purposes, and within the legitimate limitations of this right the power of the state is absolute, and an appropriation of the shores and lands is lawful. In the exercise of this right the state may directly, or indirectly by delegation, authorize the construction of bridges, piers, wharves, or other obstructions in navigable waters. Such obstructions are not

nuisances, because that cannot be a nuisance which is done by lawful authority. It is only when the exercise of this power of eminent domain comes in collision with the paramount authority of the United States that it is inhibited and impotent. The power of the state ends where that of the national sovereignty begins; but until congress has asserted its power to regulate commerce, and by legislation has assumed to restrict the jurisdiction of the state over its navigable waters, no conflict can arise, and the authority of the state is comprehensive. *Willson* v. *Blackbird Creek Marsh Co.* 2 Pet. 250; *Gilman* v. *City of Philadelphia*, 3 Wall. 728; *County of Mobile* v. *Kimball*, 102 U. S. 691.

No act of congress has been adverted to by counsel, or has met the observation of the court, which assumes to circumscribe the state of New York in the exercise of its power of eminent domain from authorizing such a limited interference with the navigation of the Hudson river as is apprehended here. On the contrary, the cases decided in this court—*Silliman* v. *Hudson River Bridge Co.* 4 Blatchf. 395, (affirmed by the supreme court, 2 Wall. 403,) and *Silliman* v. *Troy & West Troy Bridge Co.* 11 Blatchf. 274—are to the effect that a far more serious obstruction to the navigation of the river is within the legitimate sanctions of the municipal power. These cases are decisive against the theory that the defendant cannot occupy a portion of the river for the purposes of its railroad without an invasion of public right.

2. The case then resolves itself into a controversy in which the parties primarily interested are the riparian owners and the defendant. It is true, the complainant has an independant standing by reason of his contract of transportation with these proprietors; but it is not alleged that his contract was entered into before the defendant appropriated the lands. The complainant's rights are derivative, and originate with the riparian proprietors. If they had chosen to convey the lands to the defendant, the complainant would be without remedy as against the defendant. If the defendant is lawfully in possession as against the owners by virtue of its proceedings to acquire title, the complainant can have no relief here. Whether the defendant can lawfully acquire the title of the owners to the lands, whether its proceedings have been effectual, and whether its present possession is lawful or the contrary, are questions which depend upon the provisions of the general railroad act, and the proceedings taken under it. These questions will be adjudicated by the state courts in the pending proceedings. The determination by the state court will

be controlling upon this court. Certainly, in view of the fact that the state court has already decided for the defendant, and adjudged that it should retain possession of the lands during the pendency of the proceedings to acquire title, this court should not disregard the authority of that decision upon a motion, and interpose by a preliminary injunction.

It is not the office of such a motion to determine questions of doubtful rights. The injunction is dissolved.

NOTE. See *Escanaba & Lake Mich. Transp. Co.* v. *Chicago,* 12 FED. REP. 777, and note, p. 779; *Miller* v. *City of New York,* 10 FED. REP. 513, and note.—[ED.