## In re McCALLUM et al.

### (District Court, E. D. Pennsylvania. January 25, 1902.)

### No. 993.

1. BANKRUPTCY—CLAIMS AGAINST ESTATE—JURISDICTION OF DISTRICT COURT.

Bankr. Act, § 23, cl. "b," providing that suits by the trustee in bankruptcy shall only be brought in the courts where the bankrupt whose estate is being administered by such trustee might have brought them if the bankruptcy proceedings had not been instituted, unless by consent of the proposed defendant, being confined to suits by the trustee, places no limitation upon the jurisdiction of the district court as to suits against the estate or trustee, conferred by section 2, cl. 7, giving such court power to determine controversies in relation to the bankrupt estate.

2. SAME—AMOUNT INVOLVED.

Under Bankr. Act, § 2, cl. 7, conferring power upon the district court, as a court of bankruptcy, to collect, reduce to money, and distribute the estates of bankrupts, and to determine controversies in relation thereto, except as therein otherwise provided,—there being no provision elsewhere in the act regulating suits or claims against the estate, or against the trustee as its representative,—the jurisdiction of the district court as to such suits and claims is unlimited, and is not dependent upon the amount in controversy.

3. SAME—FUNDS IN TRUSTEE'S HANDS—PROCEEDS OF GOODS SOLD ON CONSIGNMENT.

Where a bankrupt's estate has been converted into cash, and such cash is in the hands of the trustee in bankruptcy, a claim by a creditor for the payment of the full amount of his debt on the ground that it was for the value of goods which had been only consigned to the bankrupt, the title remaining in the creditor, but which had been converted into cash by the trustee, is nothing more than a claim against a fund in the hands of the court, which the court, as an incident to the power to distribute, has the right to hear and determine.

4. SAME—STATE COURTS.

Such claim, being a claim to a superior right to a fund about to be distributed, and in which all the other creditors of the bankrupt were interested, should be determined in the district court, where the other creditors might be heard in defense of their rights, and an application for leave to sue upon such claim in the state court should be refused.

In Bankruptcy. Application in the matter of McCallum & McCallum, bankrupts, for leave to sue the trustee in bankruptcy in the state court. Refused.

Read & Pettit, for creditor.

Preston K. Erdman and Wm. S. Price, for trustee.

J. B. McPHERSON, District Judge. The facts upon which this application rests are these: Before the petition in bankruptcy was

filed, the bankrupts had made an assignment for the benefit of cred-itors, under which a large part of their assets had been sold and converted into cash. The fund thus arising has been handed over to the trustee, and is now in his hands. The present petitioner's claim, which he asks to pursue in the state court, is based upon the averment that he delivered to the bankrupts certain oriental rugs, to be sold by them upon consignment; the title to the rugs to re-main in the petitioner, and the bankrupts to be compensated by being paid a commission on the sales. These rugs, it is further aver-red, were all sold by the bankrupts or by the assignee; and the petitioner seeks to follow the proceeds, asserting a right to be paid in full out of the fund in the hands of the trustee. He has also proved his claim as an ordinary debt against the bankrupt estate, but has not accepted the dividend that was recently declared, asking for leave first to pursue his claim to be paid in full, and, failing suc-cess in this attempt, intending to resume his position as an un-secured creditor of the estate. He asks leave to sue the trustee in a state court, because he believes that the bankrupt act, as inter-preted by the supreme court in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, requires such a suit to be brought in the circuit court, if the other jurisdictional requisites exist, or in the state courts, if, as in the present case, the amount in controversy is less than $2,000.

I am unable to take this view of the bankrupt act. The case of Bardes v. Bank interpreted section 23, cl. "b," which is concerned simply with suits brought by the trustee, and has no reference to suits brought against him. I find nothing either in the statute or in the opinion of the supreme court further to qualify section 2, cl. 7, of the act, which confers power on the district court, as a court of bankruptcy, to collect, reduce to money, and distribute the es-tates of bankrupts, and to determine controversies in relation there-to. The only restriction upon this grant of power, which congress had the undoubted right to make, is the restriction contained in the final words, "except as herein otherwise provided"; and, as I have already intimated, there is no provision elsewhere in the act regulating suits brought or claims made against the estate, or against the trustee as its representative. It seems to me that the present application is the ordinary case of a claim against a fund in the hands of a court, and such claims the court in possession of the fund has the right to hear and determine. It is an incident to the power to distribute, and, except where this power is expressly so limited by competent authority that a claim to a share of the fund must be sent to some other court for determination, the court that has possession of the fund is the proper tribunal to decide all con-troversies concerning its ownership.

I do not deny the jurisdiction of the state courts to determine con-troversies, in proper cases, between the trustee and adverse claim-ants; but this, I think, is not such a controversy. The claim here is essentially that the applicant be declared to have a superior right to a certain part of a fund about to be distributed. He is not as-serting that he can recover any personal chattels from the trustee.

Whatever title he may have had to the rugs themselves is gone, and his claim, in one character or the other, has been transferred to the proceeds. If he is an ordinary creditor, he must, of course, prove his claim in the bankrupt court. If he is claiming a superior right against the same fund,—a right to take away a part of it to the prejudice of other creditors,—I think he ought to pursue the claim where they can all be heard in defense of their rights.

For these reasons, I am of opinion that the applicant should present before the referee such claim as he may be advised to make. The application for leave to sue the trustee in the state courts is refused.