## In re LOCUST BLDG. CO., Inc.

(District Court, E. D. New York.    April 5, 1921.)

Bankruptcy ⚖=217(1)—Foreclosure suit on disputed mortgage, which there were assets to pay, will be stayed.

Where the bankruptcy court had granted leave for the institution of foreclosure suit after the election of the trustee, so that state court's jurisdiction over the parties had not attached before the property came into the possession of the bankruptcy court, and it appeared that there were sufficient assets to pay the mortgage sought to be foreclosed, as well as the two prior mortgages, but that the validity and amounts due on the three mortgages were disputed, and the same issue would be presented as to the prior mortgages as was involved in the mortgage on which foreclosure was begun, the further prosecution of the foreclosure proceedings will be stayed.

In Bankruptcy.    In the matter of the Locust Building Company, Incorporated, Bankrupt.    On motion to vacate stay of proceeding for foreclosure of a third mortgage.    Motion denied.

George B. Davenport, of Brooklyn, for American Trust Co.
Saml. Silbiger, of Brooklyn, N. Y., for trustee.

CHATFIELD, District Judge.    Motion to vacate stay against proceeding to decree of foreclosure of third mortgage.    The trustee is in possession of the property covered by three mortgages.    Foreclosure of the third mortgage has been brought since the election of the trustee, and the trustee has answered, raising the issue of validity, as well as amount claimed, although it appears from the present record that there will be no real dispute as to the amount of money claimed to be due. The first and second mortgages have not been foreclosed.    It is apparent from the record on this application that the property will sell for more than enough to pay all three mortgages, with interest and expenses. The trustee has also obtained an order granting him leave to sell the property and to pay the mortgages (so far as held valid) out of the proceeds.

The third mortgagee, who obtained permission from the court to proceed with his mortgage foreclosure before beginning that action, asks to be allowed to prove his lien and the validity of his claim in the foreclosure suit.    When the court allowed the mortgagee to proceed with foreclosure, it appeared that under section 63b of the Bankruptcy Act (Comp. St. § 9647), which provides that "unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate," the best way to settle the issue involved, and to allow the mortgagee to perfect his title to his own satisfaction, would be to give the permission asked.

The trustee cites the cases of In re Watts & Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933, In re Diamond's Estate, 259 Fed. 70, 170 C. C. A. 138, Union Electric Co. v. Hubbard, 242 Fed. 248, 155 C. C.

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. 91, and In re Grafton Gas & Electric Light Co. (D. C.) 253 Fed. 668, showing that under such circumstances the jurisdiction of the bankruptcy court is complete and exclusive, both with respect to determining the amount of any such claim and passing upon the validity thereof, inasmuch as the property is in the possession of the trustee, unless this court shall make an order allowing proceedings in the state court or providing that the claim be liquidated therein. None of the parties have cited to the court any authority for the proposition that, in an action started subsequent to bankruptcy, the jurisdiction of the state court should, as a matter of course, be respected, as it would be if that jurisdiction had completely attached prior to the institution of bankruptcy proceedings. In re Watts & Sachs, supra.

If the various parties in interest had been brought into an action under the state statutes, by which all parties having any claim to the title would be cut off, except those whose rights to the proceeds of sale are fixed by the decree in foreclosure, where the title thus made would be easier of investigation, and would clearly and conclusively determine what liens exist against the property and should be transferred to the fund, where their validity might be attacked by the trustee in bankruptcy when they make claim thereto, there would be no reason why the action in foreclosure should not proceed to the entry of the decree, if the state court sees fit to proceed with the action and determine the various issues presented on the pleadings.

If the state court did not deem it advisable, or was unable to proceed with the liquidation of this claim and the determination of its validity, within a reasonable time, the trustee could nevertheless in due course proceed before the referee or this court to determine how the fund should be distributed. But this court having already ordered the sale of the property, free and clear of all claims, there being sufficient funds admittedly to pay all liens, so that the security of a mortgage is unnecessary for any purpose except to establish the lien, and particularly where there are two prior mortgages, which are disputed, and as to which the same issue will be presented as that to be litigated as to the third mortgage, and where the issues as to these prior mortgages cannot be determined in the present foreclosure action, this court is constrained to continue the stay against the foreclosure suit. Wabash Railroad v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327.

In order to save time, and in view of the circumstances, the alleged mortgagee may claim payment, and the issue raised by the trustee may proceed to hearing pending the sale, if application is made in proper form by either party therefor.