ISAACS v. HOBBS TIE & TIMBER CO.*

No. 7656.

Circuit Court of Appeals, Fifth Circuit.

March 15, 1935.

*Rehearing denied April 8, 1935. Writ of certiorari denied 55 S. Ct. 834, 79 L. Ed. ——.

William R. Watkins, of Fort Worth, Tex., for appellant.

Norman A. Dodge, of Fort Worth, Tex., and W. N. Ivie, John R. Duty, Claude Duty, and Jeff. Duty, all of Rogers, Ark., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

On August 7, 1928, Henrietta E. Cunningham was adjudged bankrupt in the Northern District of Texas. Her estate included lands located in the Western District of Arkansas which were subject to a mortgage given to secure a debt. A short time after the bankruptcy adjudication and an order requiring the sale, by the trustee, of all the bankrupt's property were made, the appellee, Hobbs Tie & Timber Company, bought that mortgage from the then owner thereof, paying $30,000 therefor, and in December, 1928, brought suit in an Arkansas state court for the foreclosure of that mortgage; the bankrupt and the trustee of the bankrupt estate being made parties defendant to the suit. On the petition of the bankrupt and the trustee that suit was removed to the United States District Court for the Western District of Arkansas. In that court the right of the appellee to maintain its foreclosure suit was unsuccessfully resisted, and that court rendered a decree of foreclosure and sale. From that decree an appeal to the United States Circuit Court of Appeals for the Eighth Circuit was taken. That court certified to the Supreme Court the question of appellee's right to maintain the foreclosure suit in the circumstances stated. 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. The decision of the Supreme Court was to the effect that the Arkansas foreclosure suit was not maintainable save by consent of the bankruptcy court; and the decree of the District Court for the Western District of Arkansas was reversed, and the cause was remanded to that court, for further proceedings in conformity with the opinion. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. Following the remandment of the foreclosure suit, the appellee filed in the court below a petition which asserted that it was entitled as of right to proceed with its foreclosure in the suit pending in Arkansas, and prayed the court's consent to do so. The denial of that petition by the court below was affirmed by this court, without prejudice to the right of petitioner (appellee here) to further apply to the bankruptcy court for such relief as it may be advised it can show itself entitled to. Hobbs Tie & Timber Co. v. Isaacs (C. C. A.) 61 F.(2d) 1006. While the last-mentioned proceeding was pending on appeal, the appellee filed in the court below its petition praying that it be permitted to proceed with its foreclosure suit in the Western District of Arkansas, and for all other relief to which petitioner is entitled. That petition contained allegations to the effect that since 1928 the trustee in bankruptcy has failed to pay taxes on the mortgaged lands, that appellee has paid such taxes, amounting to more than $5,000, to prevent the forfeiture and sale of such lands because of nonpayment of taxes, that the value of said lands is far less than the amount of the debt secured by the mortgage thereon, that the trustee in bankruptcy has been in possession of said lands since 1928, has been unable to sell those lands or any part thereof, and is now attempting to sell some of the timber on said lands and some of the land in small parcels and for small prices. To that petition the appellant interposed an "answer, set-off and counterclaim," which, after answering allegations of the petition, set up a counterclaim which charged in effect that appellee's conduct in instituting and prosecuting the foreclosure suit and asserting its claim to the mortgaged property in the possession of the trustee in bankruptcy constituted contempt of court; and the appellant prayed that he "recover, for the use and benefit of the estate herein, the sum of, to-wit, $150,000.00

by way of punishment for its interference with this court and its trustee, and/or as compensation and reimbursement to the estate of the damages sustained by the trustee in the premises." The court appointed a master to hear the facts, and report his findings of fact and conclusions of law in connection with the controversy raised by appellee's petition and appellant's answer and counterclaim. After hearing evidence the master made a report, containing findings of fact and conclusions of law; his conclusions being favorable to the appellant. The appellant filed exceptions to that report. No exceptions were filed to findings and conclusions of the master to the following effect: "That at the present time, the mortgage indebtedness alleged by said petitioner was a valid lien against the property and that if no set-off or counterclaim was allowed as prayed for by the trustee, then there was no equity in the land for the creditors of the bankrupt estate. And further found that except for the wrongful acts of Hobbs Tie & Timber Company as alleged, there was no equity in said lands and property for the creditors of said bankruptcy estate, and that it was the duty of the trustee to disclaim said property as burdensome and concluded that said petitioner's claim in the sum of $55,885.49 with 7% interest from May 21, 1927, was justly due and unpaid, and that the said Hobbs Tie & Timber Company was the legal and equitable owner and holder thereof, and that it had a valid and subsisting lien on the property involved to secure the payment of said indebtedness and the taxes paid by it in the sum of $5,000, and that said note and mortgage was not barred by the statute of limitations."

By its decree the court sustained the appellee's exceptions to the master's report, and adjudged:

"That the petitioner, Hobbs Tie and Timber Company, has a valid subsisting lien debt on the property described in its petition, not barred by limitation, the amount of which is in excess of the value of the land, which lien it is entitled to foreclose, and petitioner be and is hereby granted leave to foreclose its said lien in any court of competent jurisdiction and/or to proceed with its foreclosure suit in the Western Judicial District Court of Arkansas, Fort Smith Division thereof, as it may be advised, and to make B. K. Isaacs as Trustee in Bankruptcy herein a party defendant therein.

"That the estate in bankruptcy has no equity in said property and the said Trustee is directed to relinquish and surrender said property as burdensome to the estate and disclaim interest therein in any foreclosure suit begun or prosecuted by the petitioner. That the order of Court heretofore entered authorizing the Trustee to sell the assets of the estate in bankruptcy insofar as it embraced and/or related to said property be and it hereby is set aside.

"That the petitioner is not guilty of contempt of court; that the acts of petitioner complained of by the Trustee do not constitute grounds, nor does any of them constitute a ground, for imposition of fine or recovery of penalties or damages against petitioner as for contempt of court.

"That the Trustee in Bankruptcy be and hereby is denied recovery against petitioner on account of each and everything set up and/or prayed for in his pleadings, and the petitioner be denied recovery against the Trustee other than as hereby specifically decreed except in the plea and claim of petitioner for an accounting and ascertainment and recovery of damages against the Trustee for alleged conversion of a part of its mortgage security which is pretermitted and left open for further consideration, also the matter of taxing the costs is left open for later determination."

The decree is complained of only in so far as it had the effect of disallowing the counterclaim based on the charge that appellee was guilty of contempt. The brief of counsel for the appellant contains the statement: "It may be assumed that the property in controversy is now worth less than the lien against it and but for the contempt of the appellee the judgment would be right."

What was relied on as constituting contempt was the institution and prosecution by the appellee of its foreclosure suit, and its conduct in having watched parts of the 12,311 acres of unhabited timberlands covered by the mortgage held by it, while those lands were in the possession of the trustee, for the purpose of becoming informed of the removal from those lands of timber or other things thereon. No evidence indicated that the appellee in any way interfered with the trustee's possession of the mortgaged land, or procured the levy of any writ or process on those lands or any part thereof, or attempted to thwart or obstruct any order or process of the bankruptcy court. No evidence adduced fur-

nished any ground for a claim that the appellee was guilty of any such interference with property in the custody of the court as is comparable to what was disclosed in cases principally relied on by counsel for the appellee, notably Ex parte Tyler, 149 U. S. 164, 13 S. Ct. 785, 37 L. Ed. 689, and Hitz v. Jenks, 185 U. S. 155, 22 S. Ct. 598, 46 L. Ed. 851. Certainly it could not seriously or plausibly be contended that appellee was guilty of contempt of court in seeking to keep itself informed as to the removal from the mortgaged lands, while they were in the possession of the appellant, of timber or other things thereon. It appears that upon the appellant being informed of the institution of the foreclosure suit he elected not to apply to the bankruptcy court for an injunction restraining the prosecution of that suit, as it was open to him to do (Ex parte Baldwin, 291 U. S. 610, 615, 54 S. Ct. 551, 78 L. Ed. 1020), but procured the removal of that suit to the District Court of the United States for the Western District of Arkansas, and in that court sought a postponement of the foreclosure, and contended that that court should proceed no further than to ascertain the interest of the defendants, the validity of the mortgage lien, and the amount of the debt, and prayed that after those preliminary steps the court should refuse the order of sale. Isaacs v. Hobbs Tie & T. Co., supra. It was not even claimed that appellee did anything constituting contempt under the provision of the Bankruptcy Act on that subject (11 USCA § 11); and no evidence supported a claim that appellee did anything constituting a contempt under the statute (28 USCA § 385) which defines the power of federal courts to punish for contempt. In the matter of punishment for contempt the bankruptcy court possesses no broader powers than are conferred on other federal courts. Boyd v. Glucklich (C. C. A.) 116 F. 131. Though the foreclosure suit was not maintainable without the consent of the bankruptcy court, which had in its custody the lands sought to be foreclosed, the mere bringing of the suit without such consent, unaccompanied by any interference with the possession of the property in the court's custody, or by any disobedience or evasion of the court's orders or process, is not to be classed as a contempt; the ordinary consequence of bringing a suit which is not maintainable, where the plaintiff is not chargeable with both malice and want of probable cause, being that the defendant is not entitled to redress other than an award against

the plaintiff of the taxable costs of the suit. 1 Corpus Juris, 967.

■ It appears that, upon the removal of the foreclosure suit to the District Court for the Western District of Arkansas, the principal object of the appellant was to secure a postponement of the foreclosure in order to afford to the appellant and his counsel further time to make investigation as to the most favorable method of making a sale of the mortgaged property, and because the economic conditions existing at that time (December, 1928, and January, 1929) made it impossible and impracticable to sell the mortgaged land for anything near its value. When, after the question of appellee's right to proceed with its foreclosure had been resisted for several years, the appellee made the former application to the bankruptcy court for leave to foreclose its mortgage in the District Court for the Western District of Arkansas, which application was passed on by this court, the appellant, in resisting that application, recognized that it was impracticable to sell the land in a body for enough to pay the mortgage debt, and suggested the plan of trying to sell the land in small tracts of forty acres and upwards, and in some instances if possible to sell the timber separately, reserving the land, the counsel for the appellant being examined as a witness and stating: "The idea of the Trustee at this time is that an equity exists in the property if it is handled in that manner. How long it will take to accomplish that purpose, it is impossible to tell, but the prospects are increasing and the activity in the way of getting offers and getting down to the point of making a deal is increasing and it should not take more than a reasonable time, considering the amount of land and the amount of money involved, to dispose of it. * * *" At the time the appellee filed the petition under which the decree appealed from was rendered, it appears that appellant did not seriously contend that the mortgaged land could be sold for enough to pay the mortgage debt, and relied on its charge that the appellee was guilty of contempt of court, and on the contention that for that offense the appellee should by the judgment of the court be required to pay the appellant an amount greatly more than twice the value which the evidence indicated the mortgaged land possessed when the foreclosure suit was instituted, when the decree appealed from was rendered, or at any intervening time. No evidence indicated that the for-

mer owner of the mortgage would have sold it to the appellee, shortly before the foreclosure suit was instituted, for the sum of $30,000 if the mortgaged land had been salable for more than that sum. If the appellant had applied to the bankruptcy court for an order staying the foreclosure, it reasonably may be supposed that if that application had been favorably acted on the stay granted would have been for a reasonable time only, to enable the trustee to act advisedly in determining whether he would resist the foreclosure or recommend that the interest of the bankrupt estate in the mortgaged land be abandoned as burdensome. First Trust Co. v. Baylor (C. C. A.) 1 F. (2d) 24, 28. After it became apparent that the mortgaged land could not presently be sold for enough to pay the mortgage debt, it would have been unreasonable and unfair to the appellee for the court to stay the foreclosure for an indefinite period to enable the trustee to experiment in efforts to sell the mortgaged land or timber therefrom in small quantities. In re Morris White Holding Co. (D. C.) 52 F.(2d) 499. It is fairly to be inferred from the evidence that throughout the period during which the appellant successfully resisted appellee's efforts to get its mortgage foreclosed the bankrupt estate had no equity in the mortgaged lands, because they were worth substantially less than the balance owing on the debt for the security of which the mortgage was given. During all that time appellant paid no taxes on the mortgaged land, such taxes being paid by the appellee in order to prevent the sale of the land for taxes, or the forfeiture thereof for the nonpayment of taxes. It is fairly inferable from the evidence that at no time would the foreclosure have caused loss or damage to the bankrupt estate, because the mortgaged land was worth less than the amount of the mortgage debt, and that there was no reasonable justification for the appellee's prolonged successful resistance to the foreclosure. It is also fairly inferable from the evidence that the appellee was substantially injured by the prolonged postponement of the foreclosure, during the period of such postponement the appellee having to pay taxes on the mortgaged land and the expenses of the litigation, while it could get no benefit from the land. In the circumstances disclosed by the record the claim asserted by the appellant that the court should adjudge that the appellee pay to the appellant the sum of $150,000, with the result of the appellee being subjected to the loss of a

sum greatly in excess of the value of the subject of the litigation, has a quite bizarre aspect. We conclude that that claim was properly disallowed, and that there was no error in the decree appealed from.

That decree is affirmed.