In re MISSOURI GAS & ELECTRIC SERVICE CO.

No. 13041.

District Court, W. D. Missouri, W. D.
June 29, 1935.

.Cyrus Crane, R. Arch Smith, Jr., and Lathrop, Crane, Reynolds, Sawyer & Mersereau, all of Kansas City, Mo., for petitioner.

Arthur F. Schmahlfeldt, Louis N. Wolf, and Mosman, Rogers, Bell & Buzard, all of Kansas City, Mo., and Eugene Faris, of Richmond, Mo., for respondent.

REEVES, District Judge.

Corporate reorganization in bankruptcy is controlled by section 207, title 11 U. S. C. (11 USCA § 207). This act was approved June 7, 1934. By its provisions, a corporation, if thrown into bankruptcy in an involuntary proceeding, is authorized by answer to invoke the benefits of section 207. Or, if the company desires to do so, it can initiate proceedings and stand in the same position as a voluntary bankrupt.

Perforce the statute, upon approval of the petition or answer as the case may be, the court becomes invested with "exclusive jurisdiction of the debtor and its property wherever located for the pur-. poses of this section."

By subsection "(b)" of section 77B the Act, 11 USCA § 207 (b), a creditor is defined as including "for all purposes of this section and of the reorganization plan, its acceptance and confirmation, all holders of claims of whatever character against the debtor or its property, * * * whether or not such claims would otherwise constitute provable claims under this title."

From the foregoing, it must be deduced that when a corporation invokes the benefits of said section recognition is given to creditors of all kinds, including creditors who are the mere holders of claims. The word "claims" is specifically defined as including "debts, securities, other than stock, liens, or other interests of whatever character."

It is obvious that the Congress intended to make provision for all kinds of claims against corporations, both liquidated and unliquidated. Subsection "(o)", 11 USCA § 207 (o) is as follows: "In proceedings under this section and consistent with the provisions thereof, the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved."

The foregoing provision apparently invokes all applicable provisions of the Bankruptcy Law. Section 103, title 11, U. S. C. (11 USCA § 103), referring to the subject of Bankruptcy, and particularly relating to debts provable against the bankrupt estate, provides, among other things: Subsection "(b)", 11 USCA § 103 (b),

"unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate."

I am persuaded that the Congress intended by a sweeping provision that the judge in such a reorganization proceeding would be able to order the liquidation of claims. This could be done by a master in chancery, as provided in the act as follows: The judge "may refer any matters to a special master, who may be one of the referees in bankruptcy, for consideration and report, either generally or upon specified issues, and allow such master a reasonable compensation and reimbursement for his services and actual and necessary expenses." 11 USCA § 207 (c) (11).

▆▆▆ Assuming that the court should direct in some manner the liquidation of unliquidated claims, then there is no reason why the court should not follow the established practice of permitting same to be done in a state court. Particularly is this true where a suit has already been instituted and is now pending. The claimant would have a right to appeal from a finding of a master and thus delay final reorganization. Or, if the suit is tried in a state court, an appeal would be permissible.

In order to shorten the matter, the court should make an order requiring that all claims be liquidated and presented for approval and allowance on or before the 1st of October, 1935. The judge would not be bound by the verdict of the jury, but could approve the claim in a smaller or a greater amount according as the facts would seem to warrant.

It is my opinion that an appropriate order should be made permitting liquidation of all claims in the manner above stated, provided that same may be consummated on or before October 1st of this year. I am reinforced in this conclusion by provisions of the statute which permit the court to invoke and apply rules of equity. Moreover, my attention has been called to numerous cases where the court seemed to be justified in relinquishing its exclusive jurisdiction.

My attention has also been called particularly to the obiter dictum of the Supreme Court of the United States in Ex parte Baldwin, 291 U. S. 610, 54 S. Ct. 551, 555, 78 L. Ed. 1020. The court said: "Moreover, the bankruptcy court might, in the exercise of its discretion, conclude that it is desirable to have the liquidation proceed in the state court."

This obiter dictum of the Supreme Court is not to be disregarded merely because it was not on an issue then presented. I regard it as a considered admonition to both the bench and the bar that this new act was broad enough to permit such a procedure, and, moreover, the Act itself, as above stated, is broad enough to warrant this course. It could not have been the object of the Congress to deny to such claimants the right to press their claims and have no influence in the reorganization.

It would be cumbersome to bring the parties with their witnesses to a place remote from the place where the claim arose. Accordingly, upon presentation of an appropriate order, the procedure will be authorized as above outlined.