## In re NORFOLK WEAVERS, Inc.
### No. 1185.

District Court, D. Delaware.
Oct. 26, 1935.

John Biggs, Jr., of Wilmington, Del., for trustees.

A. A. Bangel, of Portsmouth, Va., for respondents Nathan Block et al.

NIELDS, District Judge.

By their petition filed July 29, 1935, the trustees of the debtor ask this court to direct Nathan Block, a resident of Norfolk, Va., to convey certain Norfolk real estate to the trustees subject to a mortgage or deed of trust; or upon failure to make such conveyance that Nathan Block and two others be cited for contempt. Thereupon the court ordered respondents to appear on August 8, 1935, to show cause why the prayers of the petition should not be granted. Notice of the hearing was given by serving certified copies of the petition and order upon respondents in Norfolk and by sending like certified copies to respondents by registered mail. At the hearing respondents appeared specially and moved to dismiss the petition upon the grounds (1) that the court has no jurisdiction over their person; (2) that the court has no jurisdiction over or possession of the property in question; (3) that the respondents "are not creditors" of the debtor; and (4) that "the court has no jurisdiction to grant in a summary proceeding the injunction without notice first served upon the defendants."

July 1, 1935, petitioners were appointed temporary trustees of the debtor by order of this court providing: "All pending suits against the debtor, Norfolk Weavers, Inc., are hereby stayed, and the commencement or continuation of suits against the debtor, Norfolk Weavers, Inc., until after final decree herein, is hereby enjoined or stayed, * * * and any judicial proceeding to enforce any lien against the estate of the debtor, Norfolk Weavers, Inc., or any part thereof is hereby enjoined until final decree." Before that date and thereafter the trustees of the debtor were in possession of the Norfolk real estate in question and operating the plant located thereon as part of the business of the debtor.

Proof was offered at the hearing that on June 15, 1933, a deed of trust covering the Norfolk real estate was given by First Continental Corporation to Hyman Block, trustee. Two years thereafter, June 15, 1935, a payment on account of the principal debt and certain interest were due and unpaid. Thereupon the real estate was advertised for sale for July 3, 1935. Before the proposed sale, either on July 1 or 2, 1935, a Norfolk attorney representing the debtor informed the beneficiary under the trust deed and his attorney of the filing in this court of the petition by the debtor under section 77B, Bankr. Act, 11 USCA § 207, and of the restraining order issued thereunder by this court. Notwithstanding this information, the trustee under the deed of trust sold the real estate covered by the deed of trust on July 3, 1935, to Nathan Block for $15,000 and immediately executed and delivered a deed therefor. Thereafter the purchaser commenced an action to eject the debtor from the premises. Actual possession of the premises, at all times, has been in the debtor or its trustees. The action of ejectment is a confirmation of that fact. At the hearing it was affirmatively proved that the value of the property was in the neighborhood of $60,000, four times the amount of the bid on July 3, 1935.

Respondents contend that on July 1, 1935, when the petition under section 77B of the Bankruptcy Act was filed in this court, the debtor had no equity of redemption or other property right in the premises. This contention is based upon the supposed legal effect of the following facts: After default in payment of taxes, interest, and an installment of principal, the beneficiary directed the trustee to take possession of the property and advertise it for sale in compliance with the terms of the deed of trust and the laws of Virginia; that the trustee, pursuant to that notice, offered the property for sale on July 3, 1935, by advertising the sale in the Virginia Pilot, a newspaper of general circulation in the city of Norfolk. Respondents contend that by reason of the acts above recited the trustee took constructive possession of the property and thereby divested the debtor and its trustees of all property in the premises. This assumption is unsound.

■ It is now authoritatively settled that under section 77B the jurisdiction of a court of bankruptcy extends throughout the United States and that a District Court, when a petition under section 77B is filed, may protect the property of the debtor and the right of the trustees of the debtor to that property wherever located. Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific R. Co., 294 U. S. 648, 55 S. Ct. 595, 79 L. Ed. 1110. If on the day of sale or foreclosure the value of the equity of redemption exceeds the debt secured by the deed of trust, that equity is property of the debtor to which the trustees of the debtor appointed under section 77B are

entitled. "All property in the possession of a bankrupt of which he claims the ownership passes, upon the filing of a petition in bankruptcy, into the custody of the court of bankruptcy." Ex parte Baldwin, 291 U. S. 610, 615, 54 S. Ct. 551, 553, 78 L. Ed. 1020.

After considering the several grounds for the motion to dismiss the trustees' petition, I am of opinion that the motion must be denied. The court finding that the Norfolk real estate is property of the debtor, the status quo ante the sale thereof on July 3, 1935, must be restored. Meanwhile the matter of contempt is held in abeyance.