## In re T. R. GOODLATTE & SONS, Inc.
### No. 24479.

District Court, D. New Jersey.
May 24, 1941.

Hannoch & Lasser and Herbert J. Hannoch, all of Newark, N. J., and McDermott, Enright & Carpenter, and Samuel M. Coombs, Jr., all of Jersey City, N. J., for trustees.

Julius Silver, of New York City, for petitioner Neocell Products Corporation.

Lindabury, Steelman, Zink & Lafferty, and James L. R. Lafferty, all of Newark, N. J., for petitioner Hygienic Tube & Container Corporation.

WALKER, District Judge.

T. R. Goodlatte & Sons, Inc., a corporation[1], filed[2], its petition for voluntary reorganization under the then Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.

By November 16, 1938, the attempts to reorganize had failed, and an order for liquidation was entered. It referred the matter to the Hon. John Grimshaw, Jr., as Referee in Bankruptcy and the trustees were directed to proceed with the liquidation of the debtor's assets. As such trustees they are the owners of certain real property located in the City of Clifton, Passaic County, New Jersey[3], upon which are located factory buildings, oil reducing and storage plants, storage sheds, houses, etc. On March 17, 1939, Neocell Products Corporation[4] offered to purchase said land, buildings and improvements, together with other property more particularly set forth in a certain exhibit marked Schedule "B"[5]. The offer called for title to pass by instruments executed by the duly acting and qualified trustees of the debtor, pursuant to authority and direction of the Court, conveying good and marketable title to said property free and clear of all liens and encumbrances. The authority and direction issued[6] and May 15, 1939, was designated for the closing.

Approximately five days prior to May 15, 1939, the trustees received from the attorney for Neocell and Hygienic Tube &

---

[1] Hereafter referred to as "Debtor" or "Goodlatte".

[2] October 8, 1937.

[3] More particularly described in petition of trustees filed March 21, 1939. Order to show cause dated March 21, 1939, filed March 21, 1939.

[4] Hereafter referred to as "Neocell".

[5] Attached to said offer of Neocell.

[6] Order of April 5, 1939.

Container Corporation,[7] its assignee, a memorandum of alleged objections to the title to the premises to be conveyed[8]. Neocell and its assignee, Hygienic, were thereafter directed to show cause why[9] they should not accept the deed and pay the balance of the purchase price or in the alternative why the property should not be resold for the account of said purchaser, and in the event of loss to the estate, it be directed to pay to the trustees, the amount thereof.

Hygienic appeared specially and objected to the jurisdiction of the Court to determine summarily that the trustees' title is a good and marketable title, free, clear and discharged of any and all liens and encumbrances as required by said order of April 5, 1939, and without waiving its objection it answered the petition and order to show cause by setting forth its objections to the title proposed to be conveyed by the trustees. The said answer also sought an order granting respondent leave to join the trustees as party defendants in an action for the return of the deposit. A hearing was held and the court ordered[10] Neocell and Hygienic to perform specifically. Their petition for review and reversal brings before this court the Referee's certificate of review.

All the property in the possession of Goodlatte of which it claims the ownership passes, upon the filing of the order to liquidate the assets,[11] into the custody of the Court of Bankruptcy[12] "having possession, the court is entitled to determine all questions respecting the same. The jurisdiction in such cases is exclusive of the jurisdiction of other courts, although otherwise the controversy would be cognizable in them."[13]

The bankruptcy court has summary jurisdiction to adjudicate the type of questions raised by the objections aforesaid[14]; however, in serving the interest of the estate and the parties, we must determine whether the title objections have been answered by the statutes or decisions of New Jersey, and if they have, then, has

[7] Hereafter referred to as "Hygienic".

[8] The objections raised to the title are:

(a) That the City of Clifton became the owner in fee of the premises in question by certificate of sale for unpaid municipal liens, No. 8257, dated December 28, 1933, acknowledged January 27, 1934, and that large amounts of taxes and water rents have accrued and are due to the City of Clifton as the holder of said tax sale certificate;

(b) That there are a large number of tenants in possession of the said premises;

(c) That said premises are subject to the burden of a covenant running with the land, in substance requiring that the owner of said premises shall conduct a business thereon which shall contribute to the freight income of the Morris & Essex Railroad Company, as more fully set forth in deed dated May 15, 1907, recorded July 31, 1907, in Book V–18 of Deeds for Passaic County, at page 63;

(d) That there are survey objections to said premises, as more specifically set forth in the letter of May 16, 1939, being Exhibit "A" annexed to the petition of the trustees herein;

(e) That the State of New Jersey was not made a party to these proceedings and has a lien on the premises in question for the satisfaction of unpaid unemployment compensation taxes, pursuant to the provisions of the statute in such case made and provided;

(f) That time has been of the essence throughout the proceedings and respondent has suffered material injury as a result of the delay by the trustees in tendering a good and marketable title, free, clear and discharged of any and all liens and encumbrances, as required by the said order of April 5, 1939; and

(g) That respondent has at all times been ready, able and willing to perform its obligations pursuant to said order of April 5, 1939, and has extended more than a reasonable time to the trustees to perform their obligations under said order, as appears more fully by letters and memoranda of communications between the said trustees, their attorneys, and the attorney for respondent, bearing the following dates: May 4th, 8th, 12th, 15th, 16th, 18th, 25th and 26th; and

(h) That the City of Clifton has filed its petition for a certificate of review of the order of this court made in this matter on the 10th day of June, 1939, affecting the rights of the City under its tax sale certificate aforesaid, and that by reason of the pendency of said proceedings there is a cloud upon the title of the premises in question.

[9] Order to show cause dated May 31, 1939.

[10] Order dated April 2, 1940.

[11] Order of November 16, 1938.

[12] Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020.

[13] Ex parte Baldwin, supra.

[14] Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L. Ed. 876.

the Referee settled them in accordance with said statutes or decisions. We find that they have been answered by the statutes or decisions of New Jersey and believe it sufficient to say that the Referee has settled each in accordance therewith[15], and that he has not committed error in finding the facts. He is affirmed in determining that the respondent had no legal excuse for its failure to complete its offer for the real estate of the bankrupt and that he should have and did direct it to complete its bid.

The motion of the solicitors for Neocell Products Corporation and Hygienic Tube Container Corporation set forth in the notice filed on May 31, 1940, is denied.

15 For reasons see the certificate of the Referee dated April 17, 1940, filed April 19, 1940.