**UNITED STATES of America,
Plaintiff,**

v.

**CERTAIN LAND IN the CITY OF MARLBORO, COUNTY OF MIDDLESEX, COMMONWEALTH OF MASSACHUSETTS, and the New York, New Haven and Hartford Railroad Company et al.,
Defendants.**

**Civ. A. No. 64–510.**

United States District Court
D. Massachusetts.

Oct. 14, 1964.

Stephen Moulton, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Edmund M. Sweeney, Boston, Mass., for defendant New York, New Haven and Hartford R. Co.

SWEENEY, Chief Judge.

The United States has filed a declaration of taking by eminent domain of a parcel of real estate in Marlboro, Massachusetts. The land is to be used for the construction and maintenance of a post office.

The defendant New York, New Haven and Hartford Railroad Company, the purported owner of the land, has filed a motion to dismiss the action on the ground that this court does not have jurisdiction.

Specifically, the motion alleges, and the government does not deny, that a petition for reorganization in accordance with Section 77, sub. a, 11 U.S.C. § 205, sub. a, of the Bankruptcy Act, which was filed by the defendant, had been approved on July 7, 1961. Pursuant to Order No. 7 of those proceedings, trustees were appointed and qualified and all property of the defendant vested in them. Therefore, the Railroad argues, prior approval of the Reorganization Court is a jurisdictional prerequisite to any condemnation proceeding.

The Reorganization Court has, under section 77, sub. a, "exclusive jurisdiction of the debtor and its property, wherever located," and it is a long established rule that "where a court of competent jurisdiction has, through its officers, taken property into its possession, the property is thereby withdrawn from the jurisdiction of other courts. Having possession, the court may not only issue all writs necessary to protect its possession from physical interference, but is entitled to determine all questions respecting the same." Ex parte Baldwin, 291 U.S. 610, 615, 54 S.Ct. 551, 553, 78 L.Ed. 1020 (1934).

In the interest of orderly procedure even the right of eminent domain must be exercised subject to this rule, which does not restrict the power of eminent domain, only the course the government must follow in exercising it. Chicago, R. I. & P. Ry. Co. v. City of Owatonna, 120 F.2d 226 (8th Cir. 1941). While that case involved condemnation proceedings by a municipality, the principles relied on there are equally applicable to the United States.

United States v. 1.94 Acres of Land, 51 F.Supp. 162 (M.D.Pa.1943), cited by the government, might be distinguished on the basis that the taking there in 1943 was necessary for the war effort. Moreover, the court does not discuss the jurisdictional problems raised here.

The Railroad's position that consent of the Reorganization Court is a jurisdictional prerequisite to the bringing of this action is sustained, and its motion to dismiss is accordingly allowed.