In the Matter of INTACO PUERTO RICO, INC., Debtor.

No. 5–71.

United States District Court, D. Puerto Rico.

Feb. 22, 1973.

Francisco A. Rosa Silva, San Juan, P. R., for Creditor Matias Maldonado.

Ramon Mellado, San Juan, P. R., for trustee.

## ORDER

TOLEDO, District Judge.

Recently, we had occasion to pass upon the manner in which payment of attorney's fees stipulated in a mortgage contract should be handled when the mortgagor petitions for bankruptcy before commencement of any foreclosure proceedings against him by the mortgage. In the Matter of Morales Vda. de Cruz, 357 F.Supp. 1118, decided February 1, 1973.

We decided there that as payment of attorney's fees is considered a penalty under local law, Salas v. Cabassa, 69 P.R.R. 423 (1948), this Court would apply a strict and literal interpretation to the terms of the mortgage contract dealing with attorney's fees. People's Homestead Association v. Bartlette, 33 F.2d 561 (5 Cir. 1929). In so acting, we would be doing equity to the bankrupt's other unsecured creditors who in effect would wind up paying said penalty, in terms of a reduction of the bankrupt's estate, should the attorney's fees be allowed, Vanston Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946). Accordingly, we decided that the term "judicial action" used in the mortgage contract to cover payment of attorney's fees in case of foreclosure, could not be interpreted to extend the parties' intent to the mere filing of a proof of claim in bankruptcy by the mortgagee's attorney. Especially in view of the fact that a secured creditor need not even file a proof of claim in bankruptcy in order to have his interest protected. 2 Remington on Bankruptcy, Section 737 at p. 162 (1956 ed.).

Today's decision, dealing with the same issue, but under a different set of facts, is intended to clarify our position on this matter. On August 31, 1971, when we appointed a trustee to administer the bankrupt's estate under Chapter X of the Bankruptcy Act, Title

11, United States Code, Section 501, et seq., the creditors, whose attorney presently seeks payment of fees under the mortgage contract, was owed $60,000 by the bankrupt. According to the leading case on this matter, the construction of the contract for attorney's fees presents a question of local law, *Security Mortgage v. Powers*, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928). *Salas v. Cabassa*, supra, lays down the rule in this Commonwealth that the amount stipulated for costs and attorneys fees in a duly recorded mortgage deed is secured together with the principal amount of the debt and that said amount so stipulated for costs and attorney's fees is a liquidated amount not subject to judicial liquidation. Our task, therefore, is limited to interpreting the mortgage contract at hand to see whether the action taken by the secured creditors' attorney is the action contemplated in the contract as justifying payment of fees. The mere fact that a party is obliged to go into a federal court of equity to enforce an essentially legal right arising upon a contract valid and unassailable under controlling state law, does not authorize that court to modify or ignore the terms of the legal obligation upon the claim or because the court thinks that these terms are harsh or oppressive or unreasonable, *Manufacturer's Co. v. McKey*, 294 U.S. 442, 55 S.Ct. 444, 79 L.Ed. 982 (1934).

The creditor points out that the trustee appointed by this Court to handle the reorganization proceedings under Chapter X, had submitted initially for our consideration a plan whereby payment of only $10,000 of the $60,000 debt would be paid at first and the remainder would be satisfied over a period of time. The creditor herein alleges he opposed such a plan and that after a hearing was held on the matter the plan was amended to provide full payment of the debt within 30 days of the new plan's approval. The creditor stresses that his counsel was present at all times relevant to the enactment of this new plan, and that his work justifies payment of fees under the mortgage contract.

The mortgage contract involved here reads in its pertinent part as follows:

"B) 10% of the principal will be added to the debt secured by this mortgage to cover costs and attorney's fees in case a claim is made through judicial proceedings.

E) Should any of the following events occur the creditor may consider the debt mature and proceed to immediate foreclosure without notification:

a) non-payment of interest for 3 consecutive months.

b) any attachment made on the mortgaged property.

c) *the debtors' adjudication in bankruptcy.*

d) *the filing of a petition in voluntary bankruptcy by the debtor."*

(translation and emphasis ours).

■ The trustee in bankruptcy maintains that this wording of the contract can not be stretched to include payment of attorney's fees for anything but the filing of a foreclosure proceeding in the proper court. He adds that as the debt was matured long before the filing of bankruptcy proceedings the creditor, who had not exercised his right to foreclosure beforehand, had waived his right to collect attorney's fees. We cannot accept such a proposition. The secured creditor is not obligated to foreclosure as soon as his credit matures, and his not doing so, does not imply a waiver on his part of any attorney's fees which are sought to cover subsequent judicial action. Neither are we able to accept the trustee's first contention to the effect that attorney's fees should be paid only in case of foreclosure proceedings in the proper court. The clauses of the mortgage contract before quoted make specific reference to bankruptcy proceedings.

■ It is well settled that once bankruptcy proceedings are started, the bankruptcy court takes exclusive jurisdiction over the matter and no subsequent foreclosure proceedings on the

bankrupt's estate will be allowed. Ex Parte Baldwin et al., 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020 (1933). It could not, therefore, have been the parties' intent to have attorney's fees be paid only upon foreclosure action once bankruptcy proceedings had commenced. The contract herein must be interpreted to include payment of attorney's fees in case of judicial action taken after bankruptcy ensued, such action to include the type of work done by creditors' attorney here in helping to secure for his client full payment of his credit within 30 days of approval of the new reorganization plan.

Nevertheless, this does not put our problem completely to rest. Although the character of the obligation to pay attorney's fees presents no obstacle to enforcing it in bankruptcy, enforcement of the liability against proceeds of the sale of the security raises federal questions peculiar to the law of bankruptcy. Security Mortgage Co. v. Powers, supra, 278 U.S. at page 154, 49 S.Ct. 84. It is an attribute of the broad equity powers of bankruptcy courts to prevent an unjustifiable enrichment of one creditor at the expense of others. 2 Colliers on Bankruptcy, Section 63.16 at page 1854 (1961 ed.). We will not enforce the full extent of a penalty against the bankrupt's other unsecured creditors merely because the contract calls for a payment of attorney's fees regarding work actually performed by said attorney. In Re Tastyeast, Inc., 126 F.2d 879 at 881 (3 Cir. 1942). In this respect, the precedents allowing the bankruptcy courts to reduce the stipulated fees to a reasonable compensation for the services actually rendered and covered by the stipulation have retained all their value. Colliers on Bankruptcy, supra. See also 3A Colliers on Bankruptcy, Section 63.15 at page 1846 for an interpretation of the *Security Mortgage Co.* case, supra, dealing with this point. Stipulated attorney's fees then, may serve as a maximum limit of the reasonable fee which is to be determined by the bankruptcy court. In Re Pack-It, Inc., 158 F.Supp. 148 (D.C.1958). The amount if any, remains to be fixed by the district court upon consideration of all pertinent facts relating to services rendered by the attorneys after the date of the receivership, and with due relation to its ultimate determination upon the merits. Manufacturer's Co. v. McKey, supra, 294 U.S. at page 453, 55 S.Ct. 444.

The interested attorney may file affidavits directed towards showing this Court the service he has rendered and the value thereof. Brown v. Security Nat. Bank of Greensboro, 200 F.2d 405, at page 407 (4 Cir. 1952).

In view of the foregoing and pursuant to Section 62 d of the Bankruptcy Act, the creditor's attorney in this action is directed to file within the next thirty (30) days, his petition setting forth the value and extent of services rendered and the amount requested as attorney's fees, along with any affidavits he feels are germane to the request. See in this matter, 3A Colliers on Bankruptcy, Section 62.29 at page 1567 (1961 ed.).

The trustee may also file, thirty (30) days thereafter, any opposition it may have to creditor's request and affidavits in support of his position.

It is so ordered.