ELDRIDGE *v.* WHITE & BLACK RIVER VALLEY RAILWAY COMPANY.

4-4790

Opinion delivered November 1, 1937.

*John D. Eldridge, Jr.,* and *Hal B. Mixon,* for appellant.

*Coleman & Riddick,* for appellee.

BUTLER, J. The appellant brought suit in the Woodruff chancery court to quiet title to a strip of land fifty feet wide before granted by his predecessor in title to the White & Black River Valley Railway Company (hereafter called White & Black Company) on the

ground that same had been abandoned and was no longer used for the purpose of a railroad. Appellant further prayed that the conveyances from the original grantee to subsequent companies be canceled and that the buildings, ties and rails upon said strip of land be decreed to be a part of the realty, and that his title to the same be confirmed and quieted as against all the appellees. The said White & Black Company and its lessees were made defendants; also, the Farmers Loan & Trust Company, now City Bank Farmers Trust Company of New York. These parties answered denying the allegations of the complaint and pleading to the jurisdiction of the court on the ground that the property involved was being administered by the federal district court in the state of Illinois in bankruptcy proceedings and that these proceedings were still pending.

The case was submitted upon the pleadings and agreed statement of facts. The trial court, without passing upon the merits of the controversy, held that it was without jurisdiction and dismissed the complaint "without prejudice, however, to another suit for the same cause after the final disposition of the Chicago, Rock Island & Pacific Railway Company and the Choctaw, Oklahoma & Gulf Railroad Company Reorganization Proceedings now pending in the district court of the United States for the Eastern Division of the Northern District of Illinois."

The sole question presented is the correctness of the trial court's dismissal of the complaint for want of jurisdiction. Therefore, those stipulations of fact relating to the merits need not be noticed. Those relating to the question of jurisdiction will be summarized as follows.

In the year 1900, the White & Black Company, to secure $600,000 of its bonds, executed a deed of trust covering all of its properties including the subject of this controversy to the Farmers Loan & Trust Company (now City Bank Farmers Trust Company of New York), which bonds are outstanding and not due. At the same time, the said White & Black Company executed a lease of its properties for a term of eighty years to the Choc-

taw, Oklahoma & Gulf Railroad Company (hereafter called Choctaw Company), which company, in 1904, assigned to the Chicago, Rock Island & Pacific Railway Company (hereafter called Rock Island Company) its lease of the properties of the White & Black Company, the Rock Island Company assuming the obligations of its lessor with respect to the operations of the White & Black Company. Thereupon, the Rock Island Company took over the White & Black Company and operated it as a part of its system.

In 1933, the Rock Island and Choctaw Companies filed petitions in the district court of the United States for the Eastern Division of the Northern District of Illinois for a reorganization under the provisions of the "Railroad Reorganization Amendment" to the National Bankruptcy Act (11 USCA, § 205 note). These petitions were approved by the court and Frank O. Lowden, James E. Gorman and Joseph B. Fleming were appointed trustees for the railroad companies, are in possession and control of their properties and now operating same under the orders of the court. The said trustees operated the White & Black Company until February 10, 1935, at which time, under order of the Interstate Commerce Commission, operations ceased. The corporate existence of the White & Black Company is still maintained, its franchise is in force, and the state of Arkansas has not through its constituted authorities, authorized the abandonment of the railroad or any part thereof.

There is now pending in the federal court, and undisposed of, the petition of the White & Black Company challenging the powers of the trustees of the Rock Island and Choctaw Companies by the exercise of which they are attempting to violate the covenant in the lease from the White & Black Company, and seeking to have said trustees carry out the lease according to its terms. The trustees have filed a reorganization plan with the Interstate Commerce Commission which provides for a disposition of all of the properties of the Rock Island and Choctaw Companies held by them, including leases of all other railway properties.

In this proceeding, both the state of Arkansas and White & Black Company have intervened in protest of the plan of the said trustees, which protest is still pending and undetermined by the court. On June 7, 1934, the federal district court, in which the aforesaid proceedings are pending, issued an injunction which is still in force and which prohibits all persons, firms and corporations from interfering by any legal process or otherwise, or disturbing any portion of the properties in possession of the trustees, or taking possession of any of said properties, or from bringing any suits or actions. It is further stipulated that no permission was applied for or obtained by the plaintiff herein from the district court above mentioned to file or prosecute the present suit, and, also, that since February 10, 1935, no trains have been operated over the tracks on the strip of land in question and the depot located thereon has been leased by the trustees to an individual to be used in no manner connected with the operation of the property as a railroad, and that no benefits have accrued to the plaintiff or any resident in the vicinity of the property from the aforesaid date.

We are of the opinion that the stipulated facts, as above summarized, are sufficient to show that the properties in controversy are held by the Rock Island Company under an eighty-year lease and have been incorporated into, and operated as a part of, the Rock Island Company since 1904; that there is now pending and undisposed of in the federal court a proceeding under which the trustees above named were appointed to take charge of the properties of the Rock Island Company and to effect a reorganization under the plan provided by the "Reorganization Amendment" to the National Bankruptcy Act. In that proceeding, the White & Black Company is a party intervener seeking to require the Rock Island Company to carry out the lease in which the former company is lessor and the latter lessee, according to its terms.

The appellant concedes that by the provisions of the National Bankruptcy Act the court in which any

proceedings are pending under said act acquires exclusive jurisdiction of the debtor and his property, wherever located. There can be no doubt that such is the law. 11 USCA, § 205; Ex parte *Baldwin,* 291 U. S. 610, 54 S. Ct. 551, 78 L. Ed. 1020; *Isaacs* v. *Hobbs Tie & Timber Co.,* 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. The appellant, however, contends that this law has no application because (1) "the property involved in this action is not within the custody and control of the bankruptcy court for the reason that the court voluntarily abandoned that property as of no value to the bankrupt estate," and (2) that the trustees in bankruptcy have waived objection to the jurisdiction by voluntarily appearing in the court below and praying for affirmative relief.

The first contention overlooks the intervention of the White & Black Company, namely, that the trustees be required, under the proposed reorganization plan to operate the property according to the terms of its lease to the Rock Island Company, or that all the property be restored to said White & Black Company. In that intervention the state of Arkansas joined and these matters are still pending in the bankruptcy court.

On the second contention we think appellant is in error for the record shows that no affirmative relief was asked other than that the complaint be dismissed for want of equity. Moreover, the question of the interest of the trustee, City Bank Farmers Trust Company of New York, is involved as it holds a mortgage on the railroad track and depot buildings and its rights are being adjudicated in the bankruptcy proceedings.

We think the trial court correctly concluded that the instant suit is premature, which obviates the necessity of determining the validity of the appellant's contention insofar as it relates to the question of fixtures.

Affirmed.