HOOPER *v.* MISSOURI PACIFIC RAILROAD COMPANY.

4-7252                                             177 S. W. 2d 755

Opinion delivered February 14, 1944.

*A. L. Rotenberry,* for appellant.

*Henry Donham* and *Leffel Gentry,* for appellee.

McFADDIN, J.   H. C. Hooper and others filed a petition in the Pulaski county court to lay out and establish a private road under § 6976 of Pope's Digest. This proposed road would take a portion of the land of the Missouri Pacific Railroad Company, and would also necessitate the construction of a crossing. The railroad company is in a bankruptcy reorganization proceeding (under Title 11, § 205 ff, USCA) in the United States

District Court for the Eastern District of Missouri, and Guy A. Thompson is the trustee.

The said trustee resisted the petition, in the county court originally and in the circuit court on appeal, claiming that the state court had no jurisdiction to take the railroad lands without first obtaining the consent of the United States Court for the Eastern District of Missouri. The county court granted the petition for the road, but the circuit court reversed the county court and entered judgment that no land of the railroad company could be taken without the prior consent of the United States District Court for the Eastern District of Missouri permitting the maintenance of such a proceeding in the state court. From the judgment of the circuit court there is this appeal; and on the oral argument before this court both sides concede that an application had been made to the United States Court for the Eastern District of Missouri, and that said application had been denied.

We reach the conclusion that the judgment of the circuit court is correct and should be affirmed. Title 11, § 205, USCA, in stating the extent of the control of the federal courts in a bankruptcy proceeding like the one here involved, says in paragraph (a): "If the petition is so approved, the court in which such order is entered shall, during the pendency of the proceedings under this section and for the purposes thereof, have exclusive jurisdiction of the debtor and its property wherever located, and shall have and may exercise in addition to the powers conferred by this section all the powers, not inconsistent with this section, which a federal court would have had if it had appointed a receiver in equity of the property of the debtor for any purpose."

And paragraph (1) of the same section reads: ". . . the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition was filed."

(In paragraph (j) of § 205 of the same title there are listed certain causes of actions that may be prosecuted in the state courts; but these have no application to the case at bar.)

In *Eldridge* v. *White & Black River Railroad Company,* 194 Ark. 800, 109 S. W. 2d 658, we recognized that by the provisions of the National Bankruptcy Act the court in which any proceedings are pending acquires exclusive jurisdiction of the debtor and its property wherever located. The rule, conceded by both parties in the reported case, finds full application in the case at bar. See, also, *C., R. I. & P. Railroad Company* v. *City of Owatonna,* 120 Fed. 2d 226, and Ex parte *Baldwin,* 291 U. S. 610, 54 S. Ct. 551, 78 Law. Ed. 1020; 15 C. J. 1169.

Furthermore appellants sought the consent of the federal court to the maintenance of the proceedings in the state court; and from an adverse decision in the federal court they should seek further relief there rather than challenge the federal jurisdiction here, 15 C. J. 1161; 21 C. J. S. 809; 14 Am. Jur. 435.

Appellant claims that under § 11057 of Pope's Digest the right to require the railroad to construct and maintain a crossing over a public road is a police power reserved to the state even in the face of a bankruptcy proceeding. Neither that statute nor question is involved in this case; for that statute deals with a public road, and the statute here involved (§ 6976, Pope's Digest) concerns the establishment of a private road.

Finding no error, the judgment of the circuit court is affirmed.