CARSON *v.* MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE.

4-7591                                    186 S. W. 2d 435

Opinion delivered April 2, 1945.

*Kenneth C. Coffelt,* for appellant.

*Henry Donham* and *Richard M. Ryan,* for appellee.

SMITH, J. Plaintiff below, appellant here, has a deed executed in 1890 from the Saint Louis, Iron Mountain & Southern Railway Company, predecessor in title of defendant railway company, for a tract of land in Saline county, which reserved to the grantor ". . . all coal and mineral deposits in and upon said lands." He brought this suit against the successor railway company, and its trustee in bankruptcy, praying that the deed be construed as not reserving bauxite and bauxite ore.

He prays this relief upon the authority of the case of *Mo. Pac. Rd. Co.* v. *Strohacker,* 202 Ark. 645, 152 S. W. 2d 557, where it was held, to quote a headnote, that: "By excluding from deeds executed in 1892 and 1893 'all coal and mineral deposits' pertaining to lands in Miller county, Arkansas, accruing to railroad company through government grants, the company no doubt had in mind, as did its grantees, only substances then commonly recognized as minerals; and in view of evidence of such intent the language was not sufficient to reserve oil and gas."

The railroad company, through its trustee, filed a motion to dismiss, in which it was alleged: "That at the time of the filing of the complaint and the issuance and service of summons thereon, all title to the property of the Missouri Pacific Railroad Company, including the mineral reservation mentioned in said complaint was vested in Guy A. Thompson, trustee of said Missouri Pacific Railroad Company, who was appointed as such by the district court of Missouri for the Eastern Judicial District of Missouri under § 77 of the National Bankruptcy Act, and that the said United States District Court for the Eastern Judicial District of Missouri has complete control of said property and this court is without jurisdiction to try the issues alleged in the plaintiff's complaint; that the matters complained of in the complaint are not an act or transaction of said trustee in carrying on the business connected with said property and this court, therefore, has no jurisdiction of said trustee unless previous leave of the United States District Court for the Eastern Judicial District of Missouri is first obtained to proceed against such trustee in this court."

Upon hearing this motion, the following order was entered from which is this appeal: "And the court being well and sufficiently advised in the premises both as to the fact and the law, doth find that the consent of the bankruptcy court of the District Court of the United States, for the Eastern District of Missouri, has not been obtained by the plaintiff to bring or file this suit; and the court doth further find that it has no jurisdiction

herein and the motion to dismiss should be and is by the court sustained.''

This order comports with, and conforms to our holding in the case of *Hooper* v. *Mo. Pac. Rd. Co.*, 206 Ark. 821, 177 S. W. 2d 755, where, quoting a headnote, it was held: ''Appellee being in bankruptcy undergoing reorganization, it is necessary for a state court, on petition to open a private road over and across its property, to secure the consent of the bankruptcy court to permit the maintenance of such a proceeding in the state court. 11 U.S.C.A., § 205.''

The decree must therefore be affirmed, and it is so ordered.