**CHICAGO, R. I. & P. RY. CO. et al. v. CITY OF OWATONNA.**

No. 11801.

Circuit Court of Appeals, Eighth Circuit.

May 17, 1941.

Edward S. Stringer, of St. Paul, Minn. (Alexander E. Horn and Philip Stringer, both of St. Paul, Minn., on the brief), for appellants.

Helon E. Leach, of Owatonna, Minn.; for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

A tract of land adjoining the right of way of the Chicago, Rock Island and Pacific Railway Company in the City of Owatonna, Minnesota, along with all of the property of that company, passed to trustees under Section 77 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 205, in proceedings before the District Court for the Northern District of Illinois. During such proceedings, the above city sought to condemn this tract, pursuing the condemnation method prescribed in the city charter. The present action is by the railway and the trustees to enjoin taking of the land by the condemnation proceeding. The matter came before the court upon an application for a temporary injunction and upon a motion by the city to dismiss the complaint for lack of jurisdictional amount. The court denied both the motion and the application. From the denial of the application for temporary injunction, the railway company and the trustees appeal.

Appellants present here several issues but we confine our consideration to one, which is sufficient to dispose of the appeal. This issue is that the condemnation is void because this land was in the possession of the bankruptcy court and no permission to proceed in condemnation had been sought or given by that court.

All property of the railway company, including this land, passed into possession of trustees appointed by the above bankruptcy court under the usual form of orders in such proceedings under Section 77. Without application made to or leave granted by that court, the city initiated and carried to completion the method of condemnation

prescribed by the city charter and tendered to the railway company a check for the amount awarded as the value of the land in the condemnation proceedings. This check was promptly returned and, shortly thereafter, this complaint was filed.

Obviously, the condemnation proceedings were designed to and would result in transfer of the title and possession of the land from the estate of the bankrupt, railway company, to the city. This situation presents the clear cut issue as to whether permission of the bankruptcy court was essential to validity of the condemnation proceedings.

■ It is a long established rule that the possession of property in the custody of a court cannot be affected by proceedings in another court. Freeman v. Howe, 24 How. 450, 16 L.Ed. 749. This rule has, for many years, been applied to possession in a bankruptcy court. White v. Schloerb, 178 U.S. 542, 546, 20 S.Ct. 1007, 44 L.Ed. 1183. When there is this possession in a court of bankruptcy, that court has exclusive control over determination of "all questions respecting title, possession, and control of the property." Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 737-738, 51 S.Ct. 270, 272, 75 L.Ed. 645; Murphy v. John Hofman Co., 211 U.S. 562, 569, 29 S.Ct. 154, 53 L.Ed. 327. This rule has been applied even to prevent sales of such property for taxes (Dayton v. Stanard, 241 U. S. 588, 36 S.Ct. 695, 60 L.Ed. 1190) and where such property is located in a district different from that of the bankruptcy court. Ex parte Baldwin, 291 U.S. 610, 615, 54 S.Ct. 551, 78 L.Ed. 1020; Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. Also, the rule runs through bankruptcy proceedings applicable to particular classes of bankrupts—such as under Section 75, 11 U.S.C.A. § 203. See Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370. The rule has been directly applied where, as here, the bankruptcy proceeding is under Section 77. Ex parte Baldwin, 291 U.S. 610, 615, 54 S.Ct. 551, 78 L.Ed. 1020. This Court applied the rule to local benefit taxes in a proceeding under Section 77. Board of Directors of St. Fran-

cis Levee District v. Kurn, 8 Cir., 98 F.2d 394.

The above authorities would seem to establish the necessity of obtaining leave of the bankruptcy court for bringing this condemnation proceeding. Appellee contends otherwise on three grounds. The first of these is that appellants are estopped by conduct to bring this proceeding. The second is a plea of laches. The third is that Section 66 of the Judicial Code, Title 28 U.S.C.A. § 125, authorizes this condemnation without prior leave obtained from the bankruptcy court.

■ The contentions as to estoppel and as to laches may be shortly disposed of since there is no factual basis for either. Aside from this fact situation, there is no power in the officers of a bankruptcy court to affect this exclusive jurisdiction of that court whether by waiver, estoppel or laches. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 739, 51 S.Ct. 270, 75 L.Ed. 645. The contention as to the effect of Section 66 of the Judicial Code is directly determined in Ex parte Baldwin, 291 U.S. 610, 617, 54 S.Ct. 551, 78 L.Ed. 1020.

■ In addition to the three contentions above, appellee urges that City of Norton v. Lowden, 84 F.2d 663, in the Tenth Circuit, is peculiarly direct authority here since that case involved a city condemnation of land held by these same trustees. That case is no authority because the issue involved here was not determined nor presented there. To the contrary, Buckhannon & N. R. Co. v. Davis, 4 Cir., 135 F. 707, 710, directly decides that leave of the court having railway property in receivership is necessary as a prerequisite for condemnation against any of such property and, also, that Section 66 of the Judicial Code does not apply.

The position of appellants that consent of this bankruptcy court was a jurisdictional prerequisite to initiation and conduct of this condemnation proceeding is sustained. Ex parte Baldwin, 291 U.S. 610, 615, 616, 54 S.Ct. 551, 78 L.Ed. 1020.

The case is reversed and remanded with directions to proceed in accordance with this opinion.