**NEW YORK, O. & W. RY. CO. v. PEOPLE OF STATE OF NEW YORK et al.**

No. 83, Docket No. 20350.

Circuit Court of Appeals, Second Circuit.

Jan. 13, 1947.

Nathan L. Goldstein, Atty. Gen. of State of New York (Wendell P. Brown, Sol. Gen., of Albany, and Samuel A. Hirshowitz, Asst. Atty. Gen., of counsel), for appellants.

Elbert N. Oakes, of New York City, for appellees.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellees who are the trustees of the New York, Ontario and Western Railway

Company, a debtor in reorganization proceedings under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, brought their petition in the reorganization court, the District Court for the Southern District of New York, for an order requiring the return of a security deposit made by the debtor to enable it to become a self-insurer under the New York Workmen's. Compensation Law, Consol.Laws, c. 67. The order was made and this appeal followed. It raises questions as to the jurisdiction of the court.

The undisputed facts are that the debtor is a New York corporation which owned and operated a railroad in that and·other states. Its duly appointed trustee in reorganization, of whom the appellee trustees are the successors, qualified and took over the property· on July 15, 1937, his appointment having been ratified by the Interstate Commerce Commission on July 13, 1937. The debtor had deposited securities of the par value of $160,000 with the Industrial Commissioner of the State of New York as security for the discharge of its obligations, under the provisions of the New York Workmen's Compensation Law, which were incurred before the petition for its' reorganization was filed on May 20, 1937. The first trustee made application for the return of the deposit on December 21, 1943, and on January 27, 1944, the Director of the Division of Self Insurance authorized the return·of the deposit upon certain conditions. The court authorized the trustees to comply with those conditions and they did so.

Although the trustees thereafter duly demanded the return of the deposit, the securities were not turned over to them and on April 30, 1945 they were notified by the New York Director of the Division of Self Insurance that he had been instruced by the Chairman of the Workmen's Compensation Board "to inform you that, in compliance with a request of the Attorney General, the release of the security deposit will not become effective until there has been a determination made in the grade crossing claim in behalf of the State against the New York, Ontario & Western Railway Company." The amount due on the grade crossing claim is admittedly larger than the amount of the security deposit. It is an obligation arising under the Grade Crossing Elimination Act of the State of New York, McK.Unconsol.Laws, § 7901 et seq., which is an obligation unrelated to that of a self-insurer under the Workmen's Compensation Law.

The petitioners specifically prayed "for an order requiring the person, persons or Board possessed of the security deposit referred to, amounting to $160,000 par value of bonds and other securities to deliver up and turn the same over to petitioners or to their duly authorized representatives"; "for an injunction; and "for such other and further relief as to the Court may seem just and proper." The caption of the petition included as respondents The People of the State of New York, The Director of Division of Self Insurance, The Industrial Commissioner, and The Workmen's Compensation Board of the State of New York. They all appeared specially and filed an answer which was a special defense based upon the contentions (1) that the suit was one against the state which could not be sued without its consent and had not consented except in the manner provided by the New York Court of Claims Act; and (2) that the respondents held the deposit adversely because the state claimed the right to set off the amount due on its grade crossing elimination claim and the court was without summary jurisdiction.

■ The appellees could not sue the State of New York without its consent because of its immunity under the Eleventh Amendment, and if this petition is one against the state and not against the named state officers it must be dismissed and the appellees be left to pursue such remedies as they have in the state court. Studer v. Moore, 2 Cir., 156 F.2d 10; Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121; Bardes v. First Nat. Bank, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175. The order runs formally against the People of the State of New York and must in any event be modified to eliminate the state as a party and provide for the dismissal of the petition as to it.

■ With that done, it may be valid. That depends in the first instance whether it is, regardless of named parties, in effect a

suit against the State. We do not think it is. The state has no proprietary interest in the deposit which was made solely to comply with the law relating to the qualification of the railroad to become a self-insurer under the provisions of the Workmen's Compensation Law and it was to be held exclusively for that purpose. The state had no interest in the deposit except that of having the provisions of its laws duly carried out. It has no pecuniary interest in a deposit which was made solely for the benefit of the employees of the railroad and the proper order need not require it to do anything. It is not, therefore, a suit against the state which is within the prohibition of the Eleventh Amendment. Hopkins v. Clemson Agricultural College, 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890, 35 L.R.A.,N.S., 243; Hobbs v. Occidental Life Ins. Co., 10 Cir., 87 F.2d 380; Porter v. Beha, 2 Cir., 12 F.2d 513.

Nor do the officers of the state hold the deposit adversely to the appellees, the obligations to secure the performance of which the deposit was made all having been otherwise satisfactorily secured.

When the deposit was made, the securities were pledged only for the designated purposes. A fiduciary relationship was created under which the pledgee was bound to hold the pledge safely and return it to the pledgor when the obligations secured by it had been discharged either by performance or the giving of adequate and satisfactory substitute security. The pledgee was without beneficial interest in the pledge, and without power of disposition, except to return it. The state officers, themselves, obviously have no claim against the debtor under the Grade Crossing Elimination Act and cannot hold the deposit adversely to the trustees.

Moreover, even if contrary to our views above expressed, they were holding the deposit to protect some pecuniary interest of the state, that claim which the latter is seeking to offset is without substance and merely colorable. There is no mutuality between it and the fiduciary obligation of the pledgees to return the deposit. It is at most a debt of the railroad created under a special statute having no relationship to

the debtor's liability as a self-insurer under the Workmen's Compensation Law. The refusal to return the deposit was a breach of a fiduciary obligation which did not entitle the wrongdoers to set off against it the state's different claim and apply that as a credit against their obligation as pledgees. Morris v. Windsor Trust Co., 213 N.Y. 27, 106 N.E. 753, Ann.Cas.1916C, 972; Pink v. Title Guarantee & Trust Co., 274 N.Y. 167, 8 N.E.2d 321; Libby v. Hopkins, 104 U.S. 303, 26 L.Ed. 769; Alvord v. Ryan, 10 Cir., 212 F. 83.

We are informed that since the petition was brought, the deposit to the extent of securities of $79,944.97 has been surrendered. With the modification above mentioned, the order is to the extent of the remainder of the deposit affirmed.

Order modified and affirmed.