UNITED STATES of America,
Plaintiff, Appellant,

v.

NEW YORK, NEW HAVEN AND HART-
FORD RAILROAD COMPANY,
Defendant, Appellee.

No. 6451.

United States Court of Appeals
First Circuit.

July 15, 1965.

Roger P. Marquis, Atty., Dept. of Justice, with whom Ramsey Clark, Asst. Atty. Gen., W. Arthur Garrity, Jr., U. S. Atty., Stephen Moulton, Asst. U. S.
Atty., and Edmund B. Clark, Atty., Dept. of Justice, were on brief, for appellant.

Edmund M. Sweeney, Boston, Mass., with whom James Wm. Moore, Joseph W. Bishop, Jr., Robert W. Blanchette, New Haven, Conn., and Arthur D. Healey, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, and MARIS* and BURGER,* Circuit Judges.

BURGER, Circuit Judge:

The narrow but important issue on this appeal is whether the provisions of 11 U.S.C. § 205 deprive the United States District Court for the District of Massachusetts of jurisdiction over a condemnation suit filed by the United States to take land in Massachusetts owned by a railroad undergoing reorganization in the United States District Court in Connecticut absent the consent of the latter Court.

The Appellee Railroad since 1961 has been subject to the jurisdiction of a reorganization proceeding in the United States District Court in Connecticut. As is usual in such proceedings that Court entered an order staying commencement or continuation of suits against the debtor pursuant to 11 U.S.C. § 205, sub. j. In 1964 while the reorganization proceeding was pending in the Connecticut District the United States filed a suit in the United States District Court for the District of Massachusetts to condemn land owned by the Appellee in Middlesex County, Massachusetts.

On motion of the Trustee of Appellee the District Court for the District of Massachusetts dismissed the Massachusetts condemnation suit holding that the reorganization court has exclusive jurisdiction of the debtor and all its property wherever located. The District Court reasoned that having possession as well as jurisdiction the reorganization court has power to protect its possession from all interference and "to determine all questions respecting the same."

* Sitting by designation.

Essentially the problem on appeal is to reconcile two conflicting federal statutes. The conflict arises out of the selection by the United States of judicial condemnation proceedings under 28 U.S.C. § 1403 which, so far as relevant here, provides that condemnation proceedings be brought by the United States "in the district where the land is located." If this provision be viewed as colliding with 11 U.S.C. § 205, vesting exclusive jurisdiction of suits against a debtor railroad in the reorganization court, that conflict must be resolved.

The order in which these statutes were passed is of less concern than the purposes Congress sought to achieve. The bankruptcy provisions relied upon were designed to protect the debtor from harassment pending reorganization and to give the reorganization court full grasp of all problems of the debtor so that they could be dealt with comprehensively. But it seems clear that the exclusivity of its control is "for the purposes [of the proceedings]" and its reach should not be construed beyond the needs which the court has power to fulfill. The reorganization court assuredly has both concern and control over ordinary litigation of the debtor affecting the continued operation of the railroad and the orderly liquidation or adjustment of its debts. But in a condemnation suit by the Federal Government the issue, absent a defense of a non-Federal purpose, is the determination of the amount of just compensation and the claimants thereto. Admittedly the reach of the reorganization court's exclusive jurisdiction is sweeping, but it should be confined to its objectives and needs. If that court could suspend or impede exercise of the power of eminent domain or otherwise give the debtor or its creditors priority over the Federal right, a good case could be made for reading 11 U.S.C. § 205 as limiting the powers granted under 28 U.S.C. § 1403 or at least channeling the exercise of those powers. Since that court's control, however, is limited to determining the application of the proceeds, we believe the eminent domain statute must prevail.

Judgment will be entered vacating the judgment of the District Court and remanding the action for further proceedings consistent with this opinion.