**COMMONWEALTH OF MASSACHU-SETTS, Massachusetts Bay Transportation Authority, Plaintiffs,**

v.

**Charles W. BARTLETT, as he is Trustee of the Boston and Providence Railroad Company**

**and**

**Richard Joyce Smith and William J. Kirk, Trustees of the property the New York, New Haven and Hartford Railroad Company, Debtor, Defendants.**

Civ. A. No. 66–679–F.

United States District Court
D. Massachusetts.

April 13, 1967.

Elliot L. Richardson, Atty. Gen., Richard A. Hunt, Richard L. Seegel, Asst. Attys. Gen., Boston, Mass., for plaintiff.

Edward F. McLaughlin, Jr., William D. Quigley, Boston, Mass., for Mass. Bay Transportation Authority.

Ely, Bartlett, Brown & Proctor, Birge Albright, Charles W. Mulcahy, Jr., Mulcahy & Mulcahy, Joseph W. Bartlett, Benjamin H. Lacy, Nutter McClennen & Fish, Sullivan & Worcester, Robert G. Bleakney, Jr., Boston, Mass., for defendant Charles W. Bartlett, Trustee.

Robert W. Blanchette, New Haven, Conn., for R. J. Smith and W. J. Kirk, Trustees of the property of the N.Y., N. H. and H R.R. Co., debtor.

Edmund M. Sweeney, Boston, Mass., for N.Y. N.H. & H R.R. Co.

OPINION

FRANCIS J. W. FORD, District Judge.

This is an action for a declaratory judgment brought to resolve a controversy between the parties arising from the expressed intention of the plaintiff Commonwealth of Massachusetts acting in conjunction with intervenor Massachusetts Bay Transportation Authority to take by eminent domain certain real estate owned in fee by the Boston and Providence Railroad Company, for use in developing a transportation corridor. The basic facts have been stipulated by the parties.

Both the Boston and Providence Railroad Company and The New York, New Haven and Hartford Railroad Company are common carriers by railroad in interstate commerce subject to the provisions of the Interstate Commerce Act. Both of these railroads are currently in reorganization under § 77 of the Bankruptcy Act, 11 U.S.C. § 205, the Boston and Providence in this court and the New Haven in the United States District Court for the District of Connecticut.

The land which the Commonwealth has announced its intention to acquire is a strip of land consisting of about seven miles of right of way in Boston. This land is owned by the Boston and Providence and the railroad line running over it formerly operated by the New Haven as lessee, is now being operated by the trustees of the New Haven under order of its reorganization court. This line is an integral part of the New Haven's interstate and intrastate railroad system. Two freight stations are located on this section of the line. It carries a substantial volume of freight traffic, including shipments moving to or from private side tracks and public delivery tracks on or adjacent to the right of way. Substantial amounts of mail and express traffic are moved along this line as well as a large number of passengers. The line is used for suburban passenger trains operated under agreement between the New Haven and the Massachusetts

Bay Transportation Authority and for interstate passenger trains operated under subsidy agreements between the New Haven, plaintiff Commonwealth and the State of Rhode Island. The Back Bay passenger station located on the line is used annually by thousands of passengers.

The taking of the real estate proposed by the Commonwealth would result in complete termination of all railroad operations over the right of way involved, including the elimination of all passenger service between Back Bay station and points to the south and west and elimination of the two freight stations on the line and of rail freight services to shippers and receivers on the private side tracks and public delivery tracks along the right of way.

The New Haven owns and now uses for freight operations another line (the Midland Division line) from South Station which connects with the main Boston to Providence line at Readville. Trains presently operated by the New Haven over the line which the Commonwealth proposes to take could be operated over the Midland Division line once it is properly modified and upgraded, a procedure which would entail the expenditure of substantial amounts of money.

Plaintiffs ask for a declaration that the consent of the United States District Court is not a jurisdictional prerequisite for the taking by the Commonwealth of the property involved. Defendants by way of counterclaim ask for a declaration that the Commonwealth's sole authority to take railroad property by eminent domain is found in Mass.G.L. Ch. 160, § 7 which authorizes only the taking of all the railroad, franchises and other property, and that prior to any taking the Commonwealth must secure the authorization and approval of this court, the Interstate Commerce Commission and the Massachusetts Department of Public Utilities.

■ Section 77(e) of the Bankruptcy Act provides that during the pendency of the reorganization proceedings and for the purposes thereof, this court shall have exclusive jurisdiction of the debtor and its property wherever located. Under this section this court has the power to protect the property within its jurisdiction from interference by suits in other courts and the consent of this court is a jurisdictional prerequisite to the maintenance of any such action. Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020; Chicago, R. I. & P. Ry. Co. v. City of Owatonna, 8 Cir., 120 F.2d 226; Buckhannon & N. R. Co. v. Davis, 4 Cir., 135 F. 707, 710; United States v. Dorigan, D.C., 236 F.Supp. 106, 109.

Plaintiffs argue that United States v. New York, New Haven and Hartford R. Co., 1 Cir., 348 F.2d 151, is authority to the contrary. However, the decision in that case was confined to the narrow issue of resolving a conflict between two federal statutory provisions by holding that a proceeding by the United States to take property of a railroad in reorganization, by eminent domain, brought in conformity with 28 U.S.C. § 1403, did not require the consent of the reorganization court.

■■ Plaintiffs' principal argument is that the power of eminent domain is an inherent attribute of state sovereignty, subject to no limitation by the federal government other than the constitutional requirements of due process and fair compensation. They cite in support of this the language in City of Cincinnati v. Louisville & Nashville Railroad Co., 223 U.S. 390, 400, 32 S.Ct. 267, 268, 56 L.Ed. 481, where the court, speaking of the state's power of eminent domain, said, "It is a power not surrendered to the United States, and is untouched by any of the provisions of the Federal Constitution, provided there be due process of law; that is, a law authorizing it, and provision made for compensation." This can mean only that the Constitution contains no express provision limiting the exercise by the state of its power of eminent domain. It does not mean that this power of the state in cases of conflict must prevail over the powers of the federal government. Like other powers

of the state it is subject to the supremacy clause, Constitution, Article VI, Clause 2, and the state's exercise of its power must yield when it conflicts with a paramount federal statute. Ormerod v. New York, West Shore and Buffalo R. Co., C. C., 13 F. 370, 372. Bankruptcy administration, including reorganization, is a paramount national function which takes precedence over conflicting provisions of the constitution or laws of any state. In re Chicago, Rock Island & Pacific Ry. Co., 7 Cir., 168 F.2d 587, 590, 594.

Under § 1(18) of the Interstate Commerce Act, 49 U.S.C. § 1(18), a railroad subject to the Act "shall not abandon all or any portion of a line of railroad, or the operation thereof, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity permit of such abandonment." The taking and use of the property here involved would constitute an abandonment of the property taken and the operation thereof. The approval of the Commission is therefore required, even though the railroad is in reorganization, and even though the abandonment would be wholly involuntary on the part of the railroad or its trustee and caused solely by the intervening action of a third party. Smith v. Hoboken R., etc., Co., 328 U.S. 123, 130, 66 S.Ct. 947, 90 L.Ed. 1123; Thompson v. Texas Mexican R. Co., 328 U.S. 134, 144, 66 S.Ct. 937, 90 L.Ed. 1132; In re Boston Terminal Co., D.C., 71 F.Supp. 472, 473.

This is not one of those cases involving only a slight change in track location having an unsubstantial effect upon the service and operations of the railroad where it has been held that a certificate from the Commission was not required. Missouri Pacific Railroad Company Trustee Constructions, 282 I. C.C. 388. The state's proposal here involves complete abandonment of a substantial trackage of the railroad, including one passenger and two freight stations, termination of services now offered to many shippers and receivers, and the substitution of service over a distinct line owned by another railroad. On its face this does not appear to be a situation where the Commission would hold that no certificate is required. In any event, it is the Commission and not the court which should pass upon that question in the first place. City of Des Moines, Iowa v. Chicago & North Western R. Co., 8 Cir., 264 F.2d 454.

The remaining questions raised by defendants' counterclaim involve questions of plaintiffs' powers and duties under Massachusetts statutes. Only the Massachusetts courts can give a final and authoritative construction of these statutes. As a matter of discretion this court should refrain from passing on these questions and let them remain for determination in a proper proceeding by the courts of the state. Alabama State Federation of Labor, etc. v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725; Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L. Ed. 1355.

Judgment will be entered declaring that before making the proposed taking of the property of the Boston and Providence Railroad Company the plaintiffs must secure the authorization and approval of the Interstate Commerce Commission and of this court.