447 F.2d 428
 In the Matter of the NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Debtor.
The CITY OF NEW YORK, Petitioner-Appellant, (for approval nunc pro tunc, of condemnation of a parcel of the Trustee's real property)
v.
Richard Joyce SMITH, Trustee of the property of the New York, New Haven and Hartford Railroad Company, Respondent-Appellee.
 No. 623.
 Docket 35530.
 United States Court of Appeals, Second Circuit.
 Argued March 18, 1971.
 Decided June 4, 1971.
 
 Before MOORE and SMITH, Circuit Judges and TIMBERS,* District Judge.
 Milton H. Harris, Office of the Corp. Counsel, New York City (J. Lee Rankin, Corp. Counsel of The City of New York, New York City, and Stanley Buchsbaum, New York City, of counsel), for petitioner-appellant.
 William P. Jones, New York City (James William Moore, New Haven, Conn., of counsel), for respondent-appellee.
 MOORE, Circuit Judge:
 
 
 1
 In 1955, the debtor purchased certain property bordering on the East River in Bronx County, New York City. Much of this land was resold to various industries, but the railroad retained a plot 50 feet by 421 feet, partly by fee ownership and partly by easement, for use as a railroad right of way. In March, 1961, the City of New York (the City) commenced an "assessable improvement" proceeding in condemnation of this land. Notwithstanding the fact that the petition for reorganization in bankruptcy of The New York, New Haven and Hartford Railroad Company was approved on July 7, 1961, and notwithstanding an order of the reorganization court enjoining all persons from interfering with the debtor's property in any manner whatsoever, the City did not stay its action in condemnation and the land was purportedly condemned on August 24, 1961.
 
 
 2
 The land involved was used as a right of way for a spur track serving the Harlem Paper Company. It was also claimed by the debtor that a portion of this land was being held for future use in connection with the new Hunts Point Market, although there is currently rail access to this market via tracks owned by the City which the railroad is permitted to use on the payment of a surcharge for each car using the City's tracks.
 
 
 3
 The purpose of the condemnation was to enable the City to build a street on the land pursuant to the designation of this parcel as a street on the City's master map. The City, in fact, proceeded to improve this property, transforming it to be suitable for street use, but pursuant to an agreement between the City and the debtor dated August 2, 1962, the debtor was permitted to continue to operate trains across the condemned land, with the debtor to pay the City $600 per year for the use of said property, and in addition to pay for the cost of adjusting the tracks to the new street level.
 
 
 4
 Subsequently, the Trustee filed a claim in the condemnation proceeding. On April 22, 1968, the condemnation action was noticed for determination of compensation and assessment, and was brought to trial on October 6, 1969. Justice Amsterdam of the Supreme Court of the State of New York granted a motion for an order to stay the condemnation proceeding for ninety days while the Corporation Counsel of The City of New York sought the permission of the reorganization court nunc pro tunc to condemn this property. Subsequently, on August 19, 1970, the reorganization court voided the condemnation order of August 24, 1961.
 
 
 5
 The threshold issue in this litigation is whether the reorganization court had jurisdiction to issue an order enjoining all persons from interfering with the debtor's property in any manner whatsoever in so far as such order concerned the condemnation of this particular property, taking into consideration that it appears that the condemnation was not inconsistent with the railroad use, and the right of way on the land condemned involved a mere spur serving one industry and additional land over which track would possibly run in the future. We believe that the use to which railroad property is or may be put is not relevant to the issue of the jurisdiction of the reorganization court, and that said court has jurisdiction to stay all condemnation litigation involving the debtor's property at least when such condemnation proceedings are not brought by the federal government.[1] 11 U.S.C. § 205(a) and § 205(j) [§§ 77(a) and 77(j) of the Bankruptcy Act];[2] Chicago R. I. & P. Ry. Co. v. City of Otawanna, 120 F.2d 226 (8th Cir. 1941); see Buckhannon and N. R. Co. v. Davis, 135 F. 707, 710 (4th Cir. 1905); Ex Parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020 (1934), but see Commonwealth v. Bartlett, 384 F.2d 819 (1st Cir. 1967), cert. denied, 390 U.S. 1003, 88 S.Ct. 1245, 20 L.Ed.2d 103 (1968).
 
 
 6
 Under the broad provisions of Sections 77(a) and 77(j) of the Act, the Bankruptcy Court has "exclusive jurisdiction over the debtor and its property wherever located" and the power of the Court to stay suits is not limited to suits relating to dischargeable claims. Thus,
 
 
 7
 "[i]n railroad reorganization, * * limitations on the bankrupt's power to stay suits are not conducive to the best interests of a reorganization. Such interests require unified administration of the debtor's property to a greater degree than do ordinary bankruptcy proceedings which envision only liquidation [footnote omitted]. Subdivision (j), therefore apparently contemplates giving greater powers to the court than it would have in ordinary bankruptcy." Collier on Bankruptcy, Vol. 5, ¶ 77.12 (1970).
 
 
 8
 It is apparent that the reorganization court was justified in its conclusion that this was not a proper case for the application of the nunc pro tunc doctrine, which allows the issuance of an order effective at a prior date. The City, which was charged with notice of the New Haven bankruptcy, was under a duty to comply with the order of the reorganization court and stay its condemnation proceeding.[3] It did not do this, and as such the reorganization court acted quite properly in adjudging this condemnation to be null and void.[4] The circumstances under which an order will be issued nunc pro tunc are limited. See Moore's Federal Practice, Vol. 6A, § 58.08 (1966), cf. Backo v. Local 281, United Brotherhood of Carpenters and Joiners, 438 F.2d 176, 179 (2d Cir. 1971).
 
 
 9
 We do not agree with the petitioner's argument that the Trustee has already waived the debtor's rights with respect to this property because of his action in 1962 seeking the right to continue to run railroad equipment over the condemned land in return for a fee to be paid to the City and because the Trustee filed a claim in the condemnation proceeding. Since these acts were committed by the Trustee in an attempt to preserve the rights of the debtor and to continue its railroad business and since the reorganization court did not recognize any waiver by the Trustee of the debtor's rights to the property, these acts cannot be interpreted to have effected such a waiver.
 
 
 10
 The opinion of Judge Anderson D. C. 331 F.Supp. 212 is based on a sound analysis of the facts and the law and, accordingly, the order of the reorganization court is affirmed.
 
 
 
 Notes:
 
 
 *
 Chief Judge, District of Connecticut, sitting by designation
 
 
 [1]
 In an instance, as here, where a state or local statute supplies the authority for a condemnation, any conflict with the Bankruptcy Act must be resolved in favor of that Act because of Article Six of the United States Constitution. However, when a condemnation occurs based on federal authority, Article Six is inapplicable, and it may be necessary to reconcile the Bankruptcy Act with other federal statutesSee e. g., United States v. New York, New Haven and Hartford Ry. Co., 348 F.2d 151 (1st Cir. 1965) (Burger, J. [sitting by designation]).
 
 
 [2]
 Section 77(j) provides in part:
 "In addition to the provision of section 29 of this title for the staying of pending suits against the debtor, the judge may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree: Provided, [that certain limitations, not here applicable, are imposed on the power of the court to enjoin certain suits]. * * *"
 
 
 [3]
 The debtor also claimed that it was necessary to receive the permission of the I.C.C. before the City could condemn this property. Since the purported condemnation has been declared void, we have no occasion to decide this issueCf. Commonwealth v. Bartlett, supra.
 
 
 [4]
 In the light of the reorganization court's determination in this respect, it is not necessary to deal with the question of whether acts of courts in violation of stay orders issued by the reorganization court are void or merely voidable