Robert W. BLANCHETTE et al., Plaintiffs,

v.

The STATE OF NEW YORK et al., Defendants.

No. 75 Civ. 2243.

United States District Court, S. D. New York.

April 30, 1976.

William P. Jones, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for defendants; Robert S. Hammer, A. Seth Greenwald, Asst. Attys. Gen., New York City, of counsel.

## OPINION

FRANKEL, District Judge.

Plaintiffs, reorganization trustees of the Penn Central Transportation Company, are seeking relief for the allegedly unlawful condemnation of certain Penn Central properties located in Orange County, New York. As to the defendant State, the complaint seeks a declaration that the appropriation was null and void, *ab initio,* an order of ejectment, and damages for use and occupation of the condemned lands. As against the individual defendant Theodore W. Parker, former Commissioner of Transportation, the complaint seeks a declaration that his acts in effecting the appropriation were of no force and effect. As against the defendant Raymond T. Schuler, the current Commissioner of Transportation, plaintiffs request a declaration that he did not acquire any title or interest in Penn Central's properties as a result of the actions of defendant Parker. Plaintiffs now move for summary judgment. Defendants interpose, *inter alia,* a defense of sovereign immunity. Having reviewed all of the papers and the relevant law, the court has concluded that plaintiffs' motion should be granted in part and denied in part, but that the entire case is ready now for summary disposition.

### I.

On June 21, 1970, Penn Central's petition for reorganization under section 77 of the Bankruptcy Act, 11 U.S.C. § 205, was filed and accepted by the United States District Court for the Eastern District of Pennsylvania. On the same day, that reorganization court issued a typical universal restraining order. The pertinent language of the order is:

> "All persons * * * hereby are restrained and enjoined from interfering with, seizing, converting, appropriating, * * * or in any manner whatsoever disturbing any portion of the assets, * * * properties or premises belonging to * * * the Debtor * * * or from taking possession of or from entering upon, or in any way interfering with the same * * * and from commencing or continuing any proceeding against the Debtor * * *."

On August 13, 1971, without obtaining the prior approval of the reorganization court, the State of New York acting through its Commissioner of Transportation, defendant Theodore Parker, appropriated approximately 590 acres of the debtor's property in Orange County, New York, by filing the map and description required by section 30 of New York's Highway Law.[1]

The questions posed by plaintiffs' suit and the arguments on the present motion are: (1) whether the appropriation was val-

---

1. Section 30, subd. 6, of the Highway Law provides in relevant part:

"A copy of such description and map shall be filed * * * and thereupon the appropria-

tion by the state of the property described in such description and map shall be deemed complete and the title to such property shall be vested in the people of the state of New York."

id without the prior consent of the reorganization court and if not, (2) what relief, if any, plaintiffs should have against the various defendants.

## II.

Central to decision here are two decisions of the Second Circuit, only one of which is cited by the parties.

 The cited decision, *In re New York, New Haven, and Hartford RR*, 447 F.2d 428 (2d Cir. 1971), upheld an order of a reorganization court declaring "null and void" *ab initio* an order of condemnation issued by a New York state court to New York City. There, as here, the power of eminent domain had been exercised in the face of a universal restraining order. Affirming the reorganization court's decree of nullification, the Court of Appeals ruled that state and local eminent domain statutes [2] must give way under the Supremacy Clause of the Constitution to a restraining order issued by a reorganization court in the exercise of its exclusive jurisdiction under section 77(a) and (j) of the Bankruptcy Act, 11 U.S.C. § 205(a) & (j).[3] *New Haven, supra*, 447 F.2d at 430 n.1.

That ruling governs this case. This district court has no occasion to assess defendants' suggestion that "a better rule" is the First Circuit's contrary one in *Commonwealth v. Bartlett*, 384 F.2d 819, 821–22 (1st Cir. 1967), cert. denied, 390 U. S. 1003, 88 S.Ct. 1245, 20 L.Ed.2d 103 (1968). We hold that New York State did not have jurisdiction to appropriate the property of plaintiffs' debtor without the prior approval of the reorganization court. But this holding does not end the inquiry.[4]

 Although a State, as creditor, cannot file a claim against a debtor in reorganization and then raise a sovereign immunity defense to the adjudication of that claim, see *Gardner v. New Jersey*, 329 U.S. 565, 574, 67 S.Ct. 467, 472, 91 L.Ed. 504, 515 (1947),[5] it is clear that section 77 of the Bankruptcy Act does not deprive a State of the defense against independent suits by reorganization trustees. See *New York, O. & W. Ry. v. New York*, 158 F.2d 769 (2d Cir. 1947). Accordingly, the action against the State must be dismissed unless New York has waived its sovereign immunity defense. It is also true, however, that state officers, as opposed to the State itself, may be sued in some circumstances for depriving others of federal rights under color of state law. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

---

2. If the condemnation had been by federal authorities, the question might have been resolved differently, since the problem then would have been to reconcile two conflicting federal statutes. *In re New York, New Haven, and Hartford RR.*, 447 F.2d 428, 430 n.1 (2d Cir. 1971). When this problem was presented, the First Circuit ruled that the power of eminent domain was paramount. *United States v. New York, New Haven and Hartford RR.*, 348 F.2d 151 (1st Cir. 1965) (Burger, J., sitting by designation).

3. Section 77(a) declares that the reorganization court "shall, during the pendency of the proceedings under this section and for the purposes thereof, have exclusive jurisdiction of the debtor and its property wherever located * * *." This jurisdiction extends to suits involving title questions. See *Ex parte Baldwin*, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020 (1934). The reorganization court can, however, as it did here, allow the trustees to bring suit in any appropriate court to protect the debtor's interests. Order No. 5 of the reorganization court, dated June 21, 1970.

Section 77(j) authorizes the reorganization court to enjoin the commencement of judicial proceedings against the debtor. The section has been held to apply to non-judicial proceedings as well. See *Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry.*, 294 U.S. 648, 677–78, 55 S.Ct. 595, 607, 79 L.Ed. 1110, 1123 (1935). The Second Circuit in *New Haven, supra*, 447 F.2d at 430, held that the section applies to condemnation actions.

4. In *In re New York, New Haven, and Hartford RR, supra*, New York City affirmatively sought a *nunc pro tunc* order from the reorganization court to justify its condemnation after the fact. Therefore, the court was not faced with a sovereign immunity problem.

5. Nor can a state bypass the bankruptcy proceedings by not filing claims and litigating against the debtor. Cf. *New York v. Irving Trust Co.*, 288 U.S. 329, 50 S.Ct. 389, 77 L.Ed. 815 (1933).

The Second Circuit, in *Knight v. New York,* 443 F.2d 415 (2d Cir. 1971), held that a suit against the State and its Commissioner of Transportation for an allegedly unconstitutional appropriation under section 30 of the Highway Law was barred by the Eleventh Amendment. As against the State, the action was precluded by the plain terms of the Amendment. The barrier was also held effective as against the Commissioner since (a) title to the disputed lands had vested, pursuant to section 30, note 1, *supra,* in the State the moment the required map and description were filed, so that (b) the effort to defeat that title by a decree against the Commissioner was in effect a suit against the State.[6]

■ With respect to the State as defendant, *Knight* plainly commands dismissal in the present case. As to the individual defendants, however, *a different result is required.* The Circuit observed in *Knight* that an action enjoining the state officer prior to the taking would have been maintainable. 443 F.2d at 419. Here, such an injunction, ordered by the reorganization court, had already issued. As a result, no title ever vested in the State, and under *In re New York, New Haven, and Hartford RR, supra,* 447 F.2d at 430, the attempted condemnation was "null and void" and should be so declared. See, e. g., *White v. Schloerb,* 178 U.S. 542, 547–48, 20 S.Ct. 1007, 1009, 44 L.Ed. 1183, 1187 (1900); *In re Williams,* 53 F.2d 486, 488 (D.Minn.1931).

■ Such a declaration appears from the complaint to be the only relief sought against the individual defendants. Insofar as other papers make the point less clear, it should be stated that this is all the relief to which these defendants may and will be subjected. The claim for compensation for use and occupation, however denominated,

is a claim against the State, barred by sovereign immunity.[7]

In sum, plaintiffs will have a declaration that the attempted appropriation by defendant former Commissioner Parker was null and void *ab initio* and that the current Commissioner, defendant Raymond T. Schuler, acquired no title or other interest in the Penn Central properties that were the subject of the attempted appropriation. For the rest, since a motion for summary judgment "searches the record," see *First Nat. Bank in Yonkers v. Md. Cas. Co.,* 290 F.2d 246, 251 (2d Cir.), cert. denied, 368 U.S. 939, 82 S.Ct. 381, 7 L.Ed.2d 338 (1961), the complaint will be dismissed in its entirety as to the State of New York, but without prejudice to the bringing of an appropriate action in a state tribunal.

Settle a final judgment on notice.

---

6. The argument, duplicated by plaintiffs herein, that a waiver should be found under *Parden v. Terminal Railway of the Alabama State Docks Department,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), was explicitly rejected. 433 F.2d at 418.

7. In any event, summary judgment would be denied on this issue because the appropriate amount of recovery implicates material issues of fact.