FAIRCHILD, Senior Circuit Judge.
 

 This appeal is from an order of the district court for the Northern District of Illinois, the court having jurisdiction over the reorganization of the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (Milwaukee Road), setting aside and permanently enjoining condemnation proceedings initiated against the debtor’s property by the City of New Hampton, Iowa (the City).
 

 In the fall of 1981 the City began negotiating with the Milwaukee Road for the purchase of four parcels of land owned in fee by the railroad to complete a street paving project. Two of the parcels were located outside of the railroad’s tracks and had been used as public streets for many years. The City sought to acquire a fee interest in those parcels. The other two parcels intersected with and continued crossings over the railroad’s tracks. The City sought to acquire only a right-of-way easement in the crossings. The paving of the streets and crossings would not interfere with the railroad’s operations. The City offered the railroad $21,000 for the property, but the negotiations broke down when the railroad conditioned the sale on reimbursement for installation of a crossing and the waiver by the City of $75,400 in assessments for 1980 and 1981.
 

 When it appeared that a negotiated sale was unlikely, the City initiated a condemnation proceeding against the parcels. The City made no effort to seek the permission of the reorganization court, and proceeded with the condemnation in the face of ¶ 10 of Order Number One, the universal restraining order entered pursuant to 11 U.S.C. § 205(a) upon approval of the petition for reorganization.
 
 [1]
 
 On July 25, 1982 the City notified the railroad of the parcels to be taken and that a compensation commission would meet August 5, 1982 to appraise damages. The City asserts that they condemned a right-of-way easement in the two crossings and a fee interest in the other two parcels. The Railroad differs, at least in asserting that the City condemned the fee in all parcels. Two business days after the notice was filed, counsel for the trustee wrote to the City’s mayor and attorneys and the Chickasaw County Sheriff,
 
 *211
 
 contending that the proposed condemnation was in violation of § 77(a) of the Bankruptcy Act and ¶ 10 of the reorganization court’s Order Number One.
 

 On August 5, 1982, the day of the hearing, Mr. Jerry Alt, Iowa counsel for the railroad, filed a motion to stay the proceedings with the Chickasaw County Clerk’s Office and the Sheriff’s Office. The Compensation Commission met on August 5, and Mr. Alt was present. Appellant contends that Mr. Alt actively participated on behalf of the railroad at the hearing before the Commission. The appellee contends that after delivering a prepared presentation concerning Order Number One’s effect on the condemnation proceeding, the attorney merely responded to a few questions on valuation and tax matters.
 

 On August 26, 1982 the Sheriff of Chickasaw County sent a “Notice of Appraisement of Damages and Time for Appeal” to the railroad, informing it that the Commission appraised the four parcels at $9,630 and that pursuant to § 478.18 of the Iowa Code, the railroad had 30 days to appeal the award to the district court. The railroad did not appeal.
 

 On September 13, 1982, the railroad applied to the district court for an order to enjoin, set aside and stay the condemnation proceedings by the City of New Hampton. The district court entered Orders 641 and 641-A setting aside and permanently enjoining the purported condemnation proceedings. The City of New Hampton appeals from these orders.
 

 I
 

 The threshold issue in this litigation is whether the reorganization court’s Order Number One, enjoining all persons from commencing or continuing any court or other proceedings against the debtor, was effective against a state condemnation proceeding. Under § 77(a) and § 77(j) of the Bankruptcy Act of 1898, 11 U.S.C. § 205 (1976) (repealed 1979), the bankruptcy court has “exclusive jurisdiction over the debtor and its property wherever located” and may enjoin or stay the commencement or continuation of suits against the debtor until after final decree. This jurisdiction is broad and plenary and cannot be infringed upon by proceedings in another court. The original jurisdiction of the reorganization court is superior to that of any other court as a result of the Bankruptcy Act and the Supremacy Clause of Article VI of the Constitution.
 
 [2]
 

 See also New Haven Inclusion Cases,
 
 399 U.S. 392, 420, 90 S.Ct. 2054, 2072, 26 L.Ed.2d 691 (1970);
 
 In re New York, New Haven and Hartford Railroad Co.,
 
 447 F.2d 428, 429-30 (2nd Cir.1971);
 
 In re Chicago and Northwestern Railway Co.,
 
 121 F.2d 791, 797 (7th Cir.1941). As Justice Brandéis explained in
 
 Ex Parte Baldwin,
 
 291 U.S. 610, 615, 54 S.Ct. 551, 553, 78 L.Ed. 1020 (1934):
 

 [WJhere a court of competent jurisdiction has, through its officers, taken property into its possession the property is thereby withdrawn from the jurisdiction of other courts. Having possession, the court may not only issue all writs necessary to protect its possession from physical interference, but is entitled to determine all questions respecting the same.
 

 To protect its jurisdiction from interference the court may issue an injunction against proceedings that have the potential to hamper an effective reorganization. Such an injunction was properly issued in this case upon entry of the general restraining order in ¶ 10 of Order Number One.
 

 Because of the exclusive jurisdiction of the reorganization court it is necessary for a state or municipality eontemplat-
 
 *212
 
 ing an eminent domain proceeding to obtain leave of the reorganization court.
 
 In re New York, New Haven and Hartford Railroad Co.,
 
 447 F.2d 428 (2nd Cir.1971);
 
 Chicago, Rock Island & Pacific Ry. Co. v. City of Owatonna,
 
 120 F.2d 226 (8th Cir. 1941);
 
 Blanchette v. State of New York,
 
 412 F.Supp. 219 (S.D.N.Y.1976);
 
 but see Commonwealth v. Bartlett,
 
 384 F.2d 819 (1st Cir.1967),
 
 cert. denied,
 
 390 U.S. 1003, 88 S.Ct. 1245, 20 L.Ed.2d 103 (1968). Relief from the automatic stay must be obtained even where it can be established, as alleged here, that the taking of the property sought to be condemned would not in any way interfere with the operation of the railroad nor otherwise hamper the prospects for an effective reorganization.
 
 In re New York, New Haven and Hartford Railroad Co.
 

 [3]
 

 The City of New Hampton asserts that prior approval of the reorganization court was unnecessary for the City to proceed with the condemnation, relying on
 
 Commonwealth v. Bartlett. Bartlett
 
 involved a portion of a right-of-way presently used for railroad operation. The consent of the Interstate Commerce Commission (ICC) had not been sought. However, the Commonwealth conceded that it would be necessary. The holding necessarily assumed that such consent would be obtained, and concluded that further consent by the reorganization court need not be obtained, presumably because the guardian of the public interest in interstate transportation was the ICC.
 

 Bartlett
 
 seems to imply that the state may condemn a piece of property of a railroad in reorganization without the consent of the reorganization court if the con-demnor can establish, when later challenged, that the taking did not affect railroad operation. Noting that “exclusive jurisdiction of the debtor and its property” was given “for the purposes” of the reorganization proceeding, the court would permit a court or tribunal other than the reorganization court to determine that a particular taking did not impair the purposes of the reorganization and thus that the taking did not impair the reorganization court’s “exclusive jurisdiction” properly qualified.
 

 The flaw in this reasoning seems to us to be that some tribunal must decide whether a particular taking is inimical to the purposes of the proceeding, and such decision seems logically to fall within the exclusive jurisdiction given to the reorganization court. The reorganization court must make the determination in the first instance of whether the proposed proceeding would infringe upon the purposes of the reorganization and based upon that inquiry grant or deny relief from the stay. That is the more orderly procedure. Accordingly, we follow the holding of
 
 In re New York, New Haven and Hartford Railroad Co.
 
 and the other cases cited above, in preference to the holding of
 
 Bartlett.
 

 The district court had jurisdiction to issue Order Number One and to enforce it through Orders 641 and 641-A against the City of New Hampton’s condemnation proceedings.
 

 II
 

 The City next contends that the permanent injunction issued by the reorganization court is defective because the Milwaukee Road failed to prove irreparable harm and the lack of an adequate remedy at law. This contention is based upon a misunderstanding of the nature of the injunction
 
 *213
 
 issued in this case. This is a statutorily authorized injunction pursuant to § 77(j) of the Bankruptcy Act and the All Writs Act.
 
 [4]
 
 The bankruptcy court may issue an injunction when necessary to prevent the defeat or impairment of its jurisdiction.
 
 Continental Bank v. Rock Island Ry.,
 
 294 U.S. 648, 675-76, 55 S.Ct. 595, 605-06, 79 L.Ed. 1110 (1935);
 
 Ex Parte Baldwin,
 
 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020 (1934).
 

 By proceeding against the debtor’s property in eminent domain without prior approval of the reorganization court the City of New Hampton was infringing upon the exclusive jurisdiction of the reorganization court. A showing of irreparable harm or absence of an adequate remedy at law is not required under these circumstances.
 

 When the evidence shows that the defendants are engaged in, or about to be engaged in, the act or practices prohibited by a statute which provides for injunctive relief to prevent such violations, irreparable harm to the plaintiffs need not be shown.
 

 Atchison, Topeka & Santa Fe Railway Co. v. Lennen,
 
 640 F.2d 255, 259 (10th Cir.1981).
 

 Furthermore, while the injunction issued in Order No. 641-A is permanent, it does not purport permanently to enjoin the City from ever exercising its power of eminent domain over the parcels. As we read 641-A, the purported condemnation proceedings are set aside and the City is permanently enjoined from proceeding with or giving effect to them. The injunction does not prohibit the City from applying for leave to condemn the same parcels, nor does it prohibit condemnation of the same parcels after the completion of the proceedings.
 

 Ill
 

 The City also contends that the railroad is collaterally estopped from contesting the condemnation award by its participation in the condemnation proceedings. It is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack. There are situations where the trustee or debtor is bound by the decisions of courts or tribunals other than the reorganization court, for example, authorized litigation by the trustee in a different court.
 
 Heiser v. Woodruff,
 
 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946);
 
 Ohio Oil Co. v. Thompson,
 
 120 F.2d 831 (8th Cir.),
 
 cert, denied,
 
 314 U.S. 658, 62 S.Ct. 112, 86 L.Ed. 528 (1941). However, when the trustee acts outside his authority, he has no power to affect the exclusive jurisdiction of the bankruptcy court whether by waiver, estoppel or laches.
 
 Isaacs v. Hobbs Tie & Timber Co.,
 
 282 U.S. 734, 739, 51 S.Ct. 270, 272, 75 L.Ed. 645 (1931);
 
 In re New York, New Haven and Hartford Railroad Co.,
 
 447 F.2d 428, 430-31 (2nd Cir.1971);
 
 Chicago, Rock Island & Pacific Railway Co. v. City of Owatonna,
 
 120 F.2d 226, 227 (8th Cir. 1941);
 
 Matter of Hotel Martin Co. of Utica,
 
 41 F.Supp. 392 (N.D.N.Y.1941); 5 W. Collier, Collier on Bankruptcy § 77.11 (1970). There is no suggestion that railroad counsel was authorized to litigate the merits of the condemnation before the Commission.
 

 In addition, there appears to be no factual basis for the contention that the trustee’s attorney actively participated in the proceedings and thereby waived his objections to the court’s lack of subject matter
 
 *214
 
 jurisdiction. While it is true that the trustee’s attorney appeared before the Compensation Commission it is clear that his purpose was to contest the validity of the state proceedings. Such an appearance does not constitute a waiver of the objections to the jurisdiction of such tribunal.
 
 See Eldridge v. White & Black River Valley R. Co.,
 
 194 Ark. 800, 109 S.W.2d 658 (1937); 5 W. Collier, Collier on Bankruptcy § 77.11 (1970). The railroad is not collaterally es-topped from challenging the compensation award and the reorganization court is not bound by the decision of the Compensation Commission.
 

 IV
 

 Finally, the City argues that if this court determines that approval of the condemnation proceeding by the district court was necessary, then this court should instruct the district court on remand to approve the award to conserve judicial resources and avoid the expense of a rehearing. The district court is free, in the sound exercise of its discretion, to adopt the Compensation Commission’s award but it is not required to do so. While it is true that leave to proceed with condemnation should be granted if the condemnation would not interfere with the prospect for an effective reorganization, it is within the discretion of the district court to determine whether proceedings should take place before the state tribunal or federal court. We see no reason to hamper that discretion by forcing the district court to adopt a condemnation award arrived at by a tribunal without competent jurisdiction in contravention of a valid stay. The district court might well hesitate to adopt the award as just compensation, given the uncertainty surrounding the railroad’s degree of participation in the proceeding.
 

 We think the guiding principle should be to permit the exercise of the power of eminent domain to the greatest extent consistent with the purposes of the reorganization proceeding, but the reorganization court is to make the initial decision as to the appropriate accommodation between them.
 

 Affirmed.
 

 [1]
 

 . Order Number One, ¶ 10, reads in part:
 

 All persons ... whatsoever and wheresoever situated, located or domiciled, hereby are restrained and enjoined from commencing or continuing any court or other proceeding against the Debtor, or from any act or the commencement or continuation of any court proceeding to enforce any lien against its property_
 

 [2]
 

 .
 

 In an instance, as here, where a state or local statute supplies the authority for a condemnation, any conflict with the Bankruptcy Act must be resolved in favor of that Act because of Article Six of the United States Constitution. However, when a condemnation occurs based on federal authority, Article Six is inapplicable, and it may be necessary to reconcile the Bankruptcy Act with other federal statutes.
 
 See e.g., United States v. New York, New Haven and Hartford Ry. Co.,
 
 348 F.2d 151 (1st Cir.1965) (Burger, J. [sitting by designation]).
 

 In re New York, New Haven and Hartford Railroad Co.,
 
 447 F.2d at 430, n. 1.
 

 [3]
 

 . Relief from the stay should be granted if the condemnation would not in any way interfere with the operation of the railroad nor otherwise hamper the prospects for an effective reorganization, since the bankruptcy court’s exclusive jurisdiction is for the purposes of the proceedings only and should not be extended beyond those purposes. However, the only orderly way to proceed, consistent with the concept of exclusive jurisdiction, is to have the reorganization court determine in the first instance whether the condemnation proceeding would impair the purposes of the reorganization proceeding. It is the bankruptcy court which must in the first instance determine if precluding the condemnation would or would not enhance the prospects for an effective reorganization.
 
 See
 
 this court's opinion in the companion case,
 
 In re Chicago, Milwaukee, St. Paul and Pacific Railroad Company, Appeal of the Wisconsin Department of Transportation,
 
 739 F.2d 1169 (7th Cir.1984).
 

 [4]
 

 . Section 77(j) provides in pertinent part:
 

 In addition to the provisions of section 29 of this title for the staying of pending suits against the debtor, the judge may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree....
 

 (11 U.S.C. § 2050) (1976) (repealed 1979)).
 

 The All Writs Act provides in pertinent part: .The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
 

 (28 U.S.C. § 1651(a) (1976)).