### In re F.A. POTTS AND CO., INC., Debtor.

### Bankruptcy No. 81–03639 T.

United States Bankruptcy Court, E.D. Pennsylvania.

May 23, 1985.

**518**

Earl Stamm, Philadelphia, Pa., for debtor.

Gary Schildhorn, Philadelphia, Pa., for Creditor's Committee.

I. Barry Guerke, Dover, Del., David Schattenstein, Allentown, Pa., for Del. Solid Waste Authority.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The Delaware Solid Waste Authority ("DSWA") has filed, pursuant to 11 U.S.C. § 362(d)(1), a motion for relief from the automatic stay so that it may commence and pursue to conclusion a condemnation action in Delaware state court against a parcel of the debtor's real property located in Delaware. The motion is opposed by the debtor and by the debtor's Official Unsecured Creditors' Committee, although the latter has not taken an active part in this litigation. For the following reasons, we shall grant the relief requested by DSWA.[1]

It is undisputed that DSWA needs the property in question in order to construct a landfill. It is also undisputed that the debtor, operating under a confirmed liquidating Chapter 11 Plan, has no desire to keep the subject property, and has no objection to transferring its interest in the property to DSWA, provided that the debtor receives what it believes to be a fair price for the property. There is no evidence, nor any suggestion by the debtor, that anyone other than DSWA is interested in acquiring the property from the debtor. Negotiations between the debtor and DSWA for DSWA's purchase of the property were unsuccessful, and DSWA has taken all of the required preparatory steps to commencing a condemnation action against the property in Delaware state court.

The debtor opposes the proposed Delaware state court condemnation action because it contends that the only dispute between it and DSWA is the value of the property and that the Bankruptcy Court can decide the valuation issue more expeditiously, with greater expertise, and with less expense to the debtor's estate than can the Delaware state court in a condemnation action. Thus, the debtor requests that "all issues regarding the sale, condemnation, and/or valuation of Cherry Island be tried by this [Bankruptcy] Court." (Debtor's Memorandum of Law, p. 27).

We first note that there is absolutely nothing before our Court with regard to "the sale, condemnation, and/or valuation of Cherry Island" other than DSWA's instant motion. While the debtor states that, if the instant motion is denied, it intends to immediately request a "valuation hearing" in our Court, the debtor provides no further explanation (and we can only speculate) as to the actual nature of such a request and any consequences which may ensue pursuant to the request, particularly in light of our obvious lack of authority to force DSWA to condemn or purchase the property. Therefore, since we do not know what we might be called upon to decide should the debtor request a "valuation hearing", we have no basis for adopting the debtor's contention that we can decide the "valuation issue" more expeditiously, with greater expertise, and with less expense to the debtor's estate than can the Delaware state court in a condemnation action. Furthermore, we are satisfied from the record that the proposed condem-

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

nation action in Delaware state court will likely proceed reasonably expeditiously, absent any delay by the debtor, and will not be unduly financially burdensome to the debtor's estate, particularly since the debtor is contesting only the value of the property and not the taking of the property.

Our decision to grant stay relief is also supported by the companion cases of *Matter of Chicago, Milwaukee, St. Paul and Pacific Railroad Company*, 738 F.2d 209 (7th Cir.1984) and *Matter of Chicago, Milwaukee, St. Paul and Pacific Railroad Company*, 739 F.2d 1169 (7th Cir.1984), which both stand for the proposition that a bankruptcy court should permit a state to exercise its power of eminent domain to the greatest extent consistent with the purposes of a bankruptcy case. Here, the purpose of the debtor's bankruptcy case is the orderly, fair, and reasonably prompt liquidation of its remaining property. We find that the proposed state condemnation action is consistent with this purpose.[2] *Also see Hayfield Northern R.R. v. Chicago and North Western*, — U.S. —, 104 S.Ct. 2610, 81 L.Ed.2d 527 (1984), which generally supports the proposition that exercise of a state's power of eminent domain should not readily be found to conflict with the purposes of federal law.

For the foregoing reasons, we shall grant to DSWA its requested relief from the automatic stay.

---

**2.** Of course, both the United States Constitution and the Delaware Constitution mandate just compensation for the taking of private property for public use.